# WILLIAM BURLING, Respondent, *v.* J. T. GOODMAN ET ALS., Appellants.

Where judgment by default is taken, the plaintiff is confined to a recovery of the particular amount or thing demanded in the prayer of the complaint.

Where the demand is for judgment in Federal currency generally, that is, in dollars and cents, a party cannot recover a judgment upon a default payable in a specific kind of money—gold coin for instance—especially if the latter kind of money exceed the former in actual value.

Before the passage of the Specific Contract Act, the District Court had no power to render judgment for any specific kind of money, or order that it be satisfied only by gold or silver coin.

The quality or character of the contract is in no wise altered because the debt thereby created has been secured by mortgage. The security is merely an incident to the debt contracted and sought to be recovered.

It is an established rule that Courts will not adjudge whether a law is unconstitutional or not, unless they are imperatively called upon to do so by the admonitions of duty and the exigencies of the case.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Storey County, Hon. RICHARD RISING presiding.

The respondent recovered judgment in the District Court for the County of Storey, against the appellants, and also obtained a decree of foreclosure of a mortgage and an order for the sale of the mortgaged premises. The judgment and decree were upon default, and the notes upon which this suit is brought being made payable in gold or silver coin, the order for the sale of the premises requires the property to be sold for coin. Of that part of the decree requiring the sale to be for coin, the defendants complain and appeal to this Court.

*Quint & Hardy*, for Appellants.

The Court below erred in decreeing that the mortgaged premises should be sold for gold coin only, because:

*First*—At the time the contract was made, there was no law in the then Territory of Nevada authorizing the making of such a contract.

*Second*—At the time the suit was brought, and at the time the judgment and decree were awarded and entered, there was no law which authorized the making of such a decree.

*Third*—The existence of the mortgage does not alter the rights of the parties. The relation between them was that of debtor and creditor. The debt was the principal. The mortgage only a security for the payment of so much money—an incident to a debt which could be paid and discharged in anything *made lawful money* by the sovereign power.

*Fourth*—The complaint did not pray for a decree of sale for any specific kind of money, nor for judgment for any specific kind of money.

*Fifth*—The judgment was by default, and the decree or judgment could not exceed the relief prayed for.

*Sixth*—The Act of Congress authorizing the issuance of treasury notes, making them lawful money and a tender for all debts public and private is constitutional, and the rights and remedies between debtor and creditor are established by that Act, which is the paramount law.

*Seventh*—State legislation, or judicial action prescribing different rights or remedies, is in violation of that Act, and therefore is unconstitutional in this, that the Constitution of the United States *and* the Acts of Congress pursuant thereto are the Supreme law, any regulation in the States to the contrary notwithstanding.

*Eighth*—The power of Congress to declare what is money, and to regulate the value thereof, being expressly granted by the Constitution, it is prohibited to the States to pass any laws or make any regulations concerning the same.

*Ninth*—In the absence of this decree, the defendants could have paid their indebtedness in any lawful money of the United States, and the payment of the debt would have discharged the security.

*Tenth*—The contract sued on is in contravention of public policy, in this, that it tends to degrade the public credit and to diminish the value of Government's lawful currency, and disparage its ability to raise armies, equip navies, regulate commerce, and provide for the general welfare.


*John Nugent* and *John R. McConnell*, of Counsel for Respondent.

Burling *v.* Goodman *et als.*

.The same brief was filed in this case which was filed for respondent in the case of *Maynard* v. *Newman* in this Court.

Opinion by BROSNAN, J., full Bench concurring.

This action is brought on two promissory notes executed by Goodman & Driscoll, the appellants. The notes are made payable in gold coin, and are secured by a mortgage on real estate. They bear date August 4, 1863. No summons was issued, the defendants having expressly waived process. The complaint was filed and served November 9, 1864. The prayer of the complaint is for judgment in amount, eight thousand dollars and interest, and that the mortgaged premises may be sold to satisfy such judgment, and for such other relief, etc.

The defendants suffered judgment to be taken against them by default, which was entered on the 14th day of November, 1864. The judgment was not rendered until the 15th day of December following. It orders and directs that payment be made in gold coin; and that the premises be sold for gold coin only. No objection appears to have been made to the judgment upon the ground that the default of the defendants had been entered short of the statutory time allowed to file and serve an answer. Nor have any proceedings as appears been had in the Court below to set aside the default or judgment. The defendants appeal, and the cause comes before this Court upon the judgment roll alone.

The appeal is from so much of the judgment as directs payment in, and sale of the mortgaged premises, for gold coin only.

The counsel for appellants insist that no other relief than that prayed for in the complaint could have been legally granted, and further that the Court had no power or authority to render a judgment requiring payment in, or a sale for gold coin alone, at the time this judgment was entered, even though the complaint demanded a judgment and a sale for gold and silver coin.

We think both grounds of objection are well taken, and that the judgment as it stands is erroneous. Where judgment is taken by default, the plaintiff is confined to a recovery of

the particular amount or thing demanded in the prayer of the complaint. If the prayer be for judgment of one thousand dollars, the plaintiff cannot legally take judgment for a greater amount. Or if he pray for the possession of specific personal property, he cannot have judgment for the return of property of a different kind. The reason and fairness of the rule are obvious.

The defendant by his default admits the justice of the claim, and thus consents that judgment be taken against him for what is prayed for in the first instance. Whereas, if a greater sum or a different relief were demanded, he may appear and contest the claim as unjust and unreasonable. It would seem to follow, and indeed is embraced within this rule, that where the demand is for judgment in Federal currency generally, that is, in dollars and cents, a party cannot recover a judgment upon a default payable in a specific kind of money, gold coin for instance, especially if the latter kind of money exceed the former in *actual* value. A different rule would prove a trap and snare for debtors, however honest they may be ; and certainly could never receive the sanction of Courts of justice. Indeed our statute sets the question at rest. (Laws of 1861, p. 338, sec. 147 ; *vide* also, 11 Cal. 19, 20 ; Ib. 91, 628.)

Secondly—It was not competent for the District Court, it had *not* the power at the time the judgment in this case was entered, to order a judgment and sale, to be paid and satisfied by gold coin only, or in any particular kind of money.

The action was upon a contract for the payment of money, enforceable only as at common law. The quality or character of the contract is in no wise altered because the debt thereby created has been secured by mortgage. The security is merely an incident to the debt contracted and sought to be recovered. At common law, when an action was brought on a contract for the payment of money, upon proof of the existence of the debt, the judgment of the Court was, that the plaintiff do recover his debt and damages, and that he have execution for the same, without any direction as to how the amount was to be paid or made. This function performed, the duty of the Court terminated, and thenceforth the *law* declared how the amount adjudged should be satisfied.

We have in this State adopted the common law, and our Courts are subject to its mandates and provisions, both as regards their authority and the manner of proceedings, except when that law has been modified or changed by legislation. But we do not know of any rule of the common law or any statutory provision authorizing the District Court to award such a judgment as that entered in this instance. Had Courts possessed this power, independent of legislative sanction and authority, there would have been no necessity for legislation to enable them to specifically enforce the performance of contracts, similar to the one presented for consideration in this case. In illustration of these views, we find the law-making power of our own and also of a neighboring State providing for a new remedy, and investing the Courts, so far as it may, with the authority thought necessary to the specific enforcement of this class of contracts.

But in this State, the Act commonly known as the " Specific Contract Act," was not in force at the time this judgment was entered. Therefore, whatever power that legislation may have conferred upon the Courts, cannot be invoked in favor of this judgment. In this connection it may be proper to state that anything said in this opinion is not to be understood as having the slightest bearing as regards the effect and validity of that Act.

Other grave questions of constitutional law have been raised by the learned counsel of the respective parties litigant. They involve the validity of the legislation, and the power of Congress to make the notes of the United States lawful money, and a legal tender in payment of debts. They have been ably and elaborately discussed in printed briefs furnished us, and the Court has been requested to pass upon and determine them.

Were it necessary to the decision of this appeal that we should pass upon these questions, they could not be judicially avoided. But, as we view this case, these questions are extraneous and do not necessarily arise. Hence, were we to consider them, our views could scarcely be authoritative in possible future controversies, where the same question might be directly involved.

The opinions of a Judge upon a point not directly in issue

are merely *obiter dicta*, and have not the force and are not entitled to the effect of an adjudication.

It is an established rule that Courts will not adjudge whether a law be constitutional or not, unless they are imperatively called upon so to do by the admonitions of duty and the exigencies of the case.

Furthermore, counsel will find the views of this Court, as to those questions, enunciated in the case of *Maynard* v. *Newman*, decided at the present term.

For the reasons above assigned, that portion of the judgment that required the amount to be collected in gold coin, and that the mortgaged premises be sold for gold coin only, is erroneous.

It is, therefore, ordered that the cause be remanded to the Court below, with directions to modify the judgment by striking out so much thereof as orders and directs the collection of the amount in gold coin, together with that part which directs a sale of the mortgaged premises for gold coin only, and in all other respects the judgment is affirmed—the respondent paying the costs of this appeal.