[No. 1420.]

JOHN M. WRIGHT AND S. C. WRIGHT, PLAINTIFFS AND APPELLANTS, *v.* CARSON WATER COMPANY, A CORPORATION, DEFENDANT AND RESPONDENT.

SECOND APPEAL—FORMER DECISION, UPON SAME POINT DISTINCTLY MADE ON SAME FACTS—RES JUDICATA.—This court has no power to review its own judgments in the same case upon the same facts except upon petition for rehearing. The decision of the appellate court on a previous appeal is, on a second appeal on substantially the same state of facts, *res judicata.*

APPEAL from order refusing to admit a note in evidence on behalf of plaintiffs and from the judgment, from District Court, Ormsby county, *Richard Rising*, District Judge.

The facts necessary to base the opinion upon appear in the opinion.

*Rives & Judge* and *William Woodburn*, for Appellants:

This is an appeal from an order of the district court refusing to admit in evidence the promissory note to recover judgment for the amount of which the action was brought, and also from a judgment in favor of the defendant for costs upon the objection of defendant. Respondent's objection to the introduction of the note, as stated by counsel, is that it was denied, first, that there was any valid subsisting debt due from defendant to plaintiff at the time of the execution of said note, and that it is denied that it is the note of the Carson Water Company. [Here follow several pages contesting this position.]

*Torreyson & Summerfield*, for Respondent:

After a number of pages on the facts of the case: "If this case had not been once appealed to this court and the principle involved in this appeal decided in the former appeal, there might be some strength and virtue in the position of counsel for appellants, but we deem the decision in *Edwards* v. *Carson Water Co.*, 21 Nev. 469, and the legal principles there decided absolutely conclusive of this case. In that case this court decided the note of December 8, 1886, not to be the note of the defendant corporation. It is no longer an open question. In addition to the decision in that case and the numerous decisions therein cited we respectfully submit to the court that the questions in the case at bar are *stare decisis.* [Here follows argument on the merits and citation of authorities.]

*Rives & Judge* and *William Woodburn*, for Respondent, as supplemental and in reply:

Counsel for respondent places great stress upon the opinion of this court in the former appeal herein—*Edwards* v. *Carson Water Co.*, 21 Nev. 469— and contend that it is decisive of every question involved in this appeal. We are unable to agree with counsel in the conclusion at which they have succeeded in arriving. In the present case we say, without fear of successful contradiction, that the record on appeal discloses an entirely different state of facts from the record in that case, as a comparison of the testimony in the record in this appeal with the testimony set out in the opinion in that

case will show. [Here follows argument of several pages to show that the facts here are not the same as in 21 Nev., *supra*.]

. *Torreyson & Summerfield*, for Respondent, in reply:

This case involves nothing more than the correctness of the decision of this court in the case of *Edwards* v. *Carson Water Company*, 21 Nev. 469. [Here follows argument of several pages to sustain the position.]

By the Court, BONNIFIELD, J.:

The original plaintiff, S. C. Wright, brought this action in the district court in and for Ormsby county against the Carson Water Company, a corporation, defendant, on a certain promissory note of date December 8, 1886, for the sum of $2,000, and interest, alleged in the complaint to be the note of said defendant, executed by its president and secretary. The complaint contains the usual and necessary allegations in such action. The answer of the defendant, as to the note, is confined to specific denials of the averments of the complaint. In March, 1892, the case was tried before the court sitting without a jury, and the plaintiff recovered a judgment for the amount of his note, less the sum of a counter-claim set up in the defendant's answer for water rent. The district court granted the defendant a new trial. Mr. Wright having died, his executors were substituted as plaintiffs, and they appealed to the supreme court from the order granting a new trial. This order of the district court was affirmed by this court. The cause came on regularly for second trial in the court below at its session in January, 1894, before a jury. After making such preliminary proofs as they had, the plaintiffs offered the note in evidence; to which the defendant objected on various grounds, among which are the following, to wit: "It is denied that this is the note of the Carson Water Company. There has been no evidence in this case, in fact, differing from the testimony or varying the testimony that was introduced in the former trial. The supreme court of this state decided that this note is not the note of the corporation, and that its officers who signed it had no authority to execute the corporate note, or bind said corporation." The objections of the defendant were sustained, the note was excluded, and judgment given against the plaintiffs for de-

fendant's costs, taxed at $210. The plaintiffs duly excepted to the rulings of the court.

The appellants, J. M. Wright and S. C. Wright, the heirs at law of S. C. Wright, deceased, and the distributees of his estate, bring this appeal from the order of the court excluding said note, and from the judgment rendered against the plaintiffs for costs. The appellants urge several assignments of error, but from the view we feel compelled to take of the case it is not material for this court to pass upon any except the second, which goes to the vitals of the case, and is as follows, to wit: "The court erred in refusing to admit in evidence the promissory note for $2,000, sued upon and set out in the complaint, as being invalid, and as having been given for an outlawed note for the same amount by the president and secretary of the company, for the reason that no such defense is set out or pleaded in defendant's answer, the testimony showing, also, that the members of the board of trustees of the defendant had knowledge of the manner and purpose in and for which said note was given; that interest had been paid thereon, monthly, for more than two years after the note sued on had been given; the testimony further showing that it was the custom of the company to transact similar business in this same manner; and there is nothing in the testimony showing or tending to show that said note is invalid, or that said company has ever repudiated the acts of its officers who executed said note."

The first question to be determined is, was the same state of facts presented on the former appeal as is presented on this one, upon the vital question at issue in the pleadings? From the most careful examination of the evidence set out in the transcript here, and the evidence disclosed in the opinions of the majority and minority of this court on the former appeal, we find no material difference affecting the question of the validity of the note. It is true, as suggested by counsel for appellants in their brief, that Mr. Helm was not examined at the second trial as a witness on questions concerning the note, and that his testimony given on the first trial does not appear in this appeal. We regard the testimony of Mr. Helm found in *Edwards* v. *Water Co.*, 21 Nev. 469, on the controlling issue made by the pleadings, as favorable to the appellants in their contention on the issue

of the validity of the note, whatever its force may be as proof of payment, or on other matters presented on the former appeal. So regarding it, the fact that his testimony is not in this case now cannot be fairly urged by the appellants as showing that they have set up a different state of facts, and more favorable to them, on this appeal, than was presented in the record on the former one as to the validity of the note, the establishment of which is essential to the maintenance of this action. When this case was before the supreme court under the title of *Edwards* v. *Water Co.*, reported in 21 Nev. 469, the several questions presented and argued by the respective parties now were then before the court and determined.

The validity of the note is an issue made by the pleadings, and was properly presented, argued, and contested on the former hearing. Both in the opinion of the majority and minority of the court, there is an elaborate review of the evidence and the authorities, and this vital question was fully entered into and discussed, the majority of the court holding against the contention of the appellants. Although it does not appear upon what particular ground this court affirmed the order granting a new trial, it did decide " that the note in suit does not bind the respondent." This went to the essence of the case, and is fatal to appellants' contention on this appeal. Under that decision, it follows that the lower court did not err in excluding the note. The decision is the law of the case, not only binding on the parties and their privies, but on the court below and on this court itself. A ruling of an appellate court upon a point distinctly made upon a previous appeal is, in all subsequent proceedings in the same case upon substantially the same facts, a final adjudication, from the consequences of which the court cannot depart. The supreme court has no power to review its own judgments in the same case, except upon petition for rehearing, in accordance with the rules established for that purpose. Such are the decisions of more than two hundred cases, decided in more than thirty states of the Union, besides a great number of the federal courts, including the supreme court of the United States. A list of these cases is too extended to be given here, but they may be found in Herman on Estoppel and *Res Judicata* (page 118, *et seq.*).

From these rules, and upon these authorities, we are of opinion that the judgment of the district court should be affirmed.    It is so ordered.

In order to obviate the idea of an implied approval of the former decision, and to leave us unembarrassed by it if similar cases are presented in other cases for consideration, it is proper to state that the judgment on this appeal is based alone upon the ground of *res judicata.*