## BARRETT *v.* FRANKE

No. 2642

September 5, 1924.                    228 Pac. 306.

1. APPEAL AND ERROR—OPINION ON FIRST APPEAL IS "LAW OF THE CASE" ON SECOND APPEAL.

On second appeal in action, opinion on former appeal is "law of the case," so far as applicable.

2. APPEAL AND ERROR—OBJECTIONS TO SUFFICIENCY OF ASSIGNMENTS OF ERROR ARE WAIVED BY ARGUING MERITS.

Counsel's argument on appeal of the merits of the case waived objections to the sufficiency of appellant's assignments of error.

3. HUSBAND AND WIFE—WIFE'S LOAN OF MONEY TO HUSBAND HELD TO GIVE HER NO INTEREST IN LAND.

Where, prior to marriage, the husband contracted to purchase a ranch, and made first payment thereon, wife's subsequent loan of her money to him "to put on the ranch" created relation of debtor and creditor only, and gave her no interest in the ranch.

See (1, 2) 3 C. J. sec. 1549, p. 1398, n. 73; 4 C. J. sec. 3075, p. 1093, n. 77; (3) 30 C. J. sec. 258, p. 680, n. 43 (new); 31 C. J. sec. 1137, p. 44, n. 53.

APPEAL, from Eighth Judicial District Court, Churchill County; *Thomas F. Moran,* Judge.

Action by Minnie B. Barrett and husband against F. F. Franke, administrator, and others. From a judgment and order overruling motion for new trial, defendants appeal. **Reversed and remanded, with directions.**

*A. L. Haight,* for Appellants:

Law of this case was declared on former appeal. Facts are identical. Barrett v. Franke, 46 Nev. 170.

Appellants state in opening brief points and errors relied on with reference to pages of record; court did not ask more definite specifications. 1923 Stats. 164. In many states, under similar statutes, general assignment that court erred in overruling motion for new trial brings up for review all grounds properly made as basis for motion without more specific assignment. 2 C. J. 1388.

Motion for new trial on ground that evidence is not

sufficient, or verdict is contrary to evidence, or that court erred in granting or refusing new trial, is sufficient. 2 C. J. 1393. Stats. 1893, 88, establishes rule exactly contrary to contention of respondents. It is necessary only to state errors relied on sufficiently to bring court's attention to same. 1923 Stats. 164.

Early Nevada cases cited by respondents are no longer authority since law under which they were decided has been radically changed. 1893 Stats. 88; 1919 Stats. 319; 1923 Stats. 164.

There is no necessity to state why ruling is erroneous, such statement has no place in pleading and is mere argument. Kernsher v. Trinidad Company, 189 Pac. 658.

In absence of exception to alleged defective finding, pointing out defect, it will be deemed sufficient. Warren v. Quill, 9 Nev. 259; 5345 Rev. Laws, as amended 1919 Stats. 319; 2 Cal. Jur. 282.

Final judgment should be ordered as it is apparent after two trials that all evidence has been presented. 4 C. J. 1192; Waldron v. Waldron, 24 Pac. 649.

As money was loaned by wife to husband her recourse is by creditor's bill to administrator, not claim against property. Pepper's Estate, 112 Pac. 62.

*Cooke, French & Stoddard,* for Respondents:

Assignment that court erred in refusing motion for new trial is too general. 1923 Stats. 164; 2 R. C. L. 162. Assignment that judgment is contrary to law, evidence, law and evidence, or preponderance of evidence is too general. 3 C. J. 1386. Assignment failing to state particulars in which evidence is insufficient must be disregarded. Caldwell v. Greely, 5 Nev. 258; 3 C. J. 1381; Kershner v. Trinidad Company, 189 Pac. 658; Smith v. Hopkins, C. C. A., 120 Fed. 921. Assignment which compels court or counsel to look further into record fails of its purpose. Sovereign Camp. v. Jackson, C. C. A., 97 Fed. 382; 3 C. J. 415.

Act of 1923 changes act of 1915 only in that assignment should be made in appellant's opening brief

instead of by separate instrument, and as to reference to page of record. Coffin v. Coffin, 163 Pac. 831 and Corbett v. Job, 5 Nev. 201, were decided under law identical except as stated.

Judgment shall not be reversed for defective finding or want of finding unless exception be made in court below. Rev. Laws, 5345, as amended 1919 Stats. 319. Finding necessary to support judgment when not made nor requested, is presumed. 33 Nev. 267.

Facts embracing crux of this case were not before court on former appeal. Former briefs have no application. Judgment is based squarely on new evidence and is in exact accord with law of case laid down in former appeal.

Error claimed on appeal must be clearly established. Peterson v. Pittsburgh Silver Peak G. M. Co., 37 Nev. 117. Meager showing is insufficient. Roney v. Buckland, 5 Nev. 219. Judgment will not be disturbed if there is any substantial evidence to support it. Gault v. Grose, 39 Nev. 274. Trial court is exclusive judge of credibility of witnesses. Anderson v. Feutsch, 31 Nev. 501.

## OPINION

By the Court, COLEMAN, J.:

1. While it seems that there have been three trials of this case, this is the second appeal to this court therein. The opinion on the former appeal is reported in 46 Nev. at page 170, 208 Pac. 435. That opinion is the law of the case, so far as it is applicable, and reference may be had to it for a full understanding of the case. This appeal, like the former one, was taken by the defendants in the trial court from the judgment, and from an order denying a motion for a new trial.

2. Counsel for respondents have devoted about 12 pages of their brief to an attack upon the assignments of error made by the appellants, contending that such assignments are not specific enough. The law relative to assignments of error, as modified by chapter 97, Stats. 1923, is very liberal. Section 3 of the act provides

that, if the assignment be insufficient, this court may direct the filing of a more specific assignment. Such seems to be the only order that may be made where the assignment is attacked.

We do not deem it necessary to determine whether the assignments are insufficient, since counsel for respondents have argued the merits of the case. If the assignments are indefinite, respondents have waived their objections.

3. The only question in the case is whether Minnie B. Barrett, one of the plaintiffs, is entitled to an interest in certain property left by James C. Lofthouse, who died intestate in 1918. They intermarried in November, 1908, and were divorced in 1916. Prior to their marriage Lofthouse entered into a written agreement to purchase the Moore ranch; the first payment having been made prior to the marriage, and all subsequent payments thereafter, but not later than June 1, 1911. On the former appeal we held that, since it did not appear from the evidence that any of the separate funds of the wife or any community funds were used to complete the purchase of the property, Mrs. Barrett could not recover.

Upon the last trial of the case it was sought to be shown that the separate funds of the wife were used to complete the payments on the purchase of the property. Since the opinion rendered on the prior appeal is the law of the case, we will confine ourselves, in disposing of the case on this appeal, to the new evidence given upon the last trial. This evidence is that given by Mrs. Clark, the mother of the plaintiff. She testified that James C. Lofthouse, during the years 1910 and 1911, stated to her that he used some of the money of his wife (Mrs. Barrett). We quote from her testimony:

"Q. Do you recall having any conversation with Mr. Lofthouse, during the years 1910 and 1911, in regard to the purchase of the Moore ranch? A. He said he was trying to pay for it.

"Q. You had some conversation? A. Yes.

"Q. State any conversation that you had with him in

which he mentioned the use of your daughter's money.
A. He said that he got money of her to pay on the
ranch and to pay taxes.

"Q. Where did the conversation occur, the first you
can recall? A. In my own house at my dining room
table.

"Q. Who was present? A. No one in particular,
except the children, school children.

"Q. Recall anything further about the conversation,
how it came up? A. Just talked about it; said he was
short of money, and he had to take some of hers and
use it.

"Q. What in regard to the amount? A. He said he
had got between $300 and $400 from her.

"Q. How long after their marriage? A. I think this
was 1910, in the fall.

"Q. In the fall of 1910? A. Yes.

"Q. For the purpose you have already stated? A.
Yes.

"Q. What, if anything, did he state in regard to the
way he used that $300 or $400? A. On the ranch, and
for taxes.

"Q. What ranch? A. The Moore ranch.

"Q. After that, at any other time, did you have any
conversation with him during his lifetime in regard to
this same subject? A. We often talked about it.

"Q. Can you recall any other conversation when his
making payments on the Moore ranch was discussed?
A. He told me that he had borrowed money several
times, and used her money.

"Q. Who do you mean by he? A. Mr. Lofthouse.

"Q. You have told us about one conversation in 1910.
Now, what I am trying to find out is if you can fix the
time, or approximate time, of any other conversation
in which he mentioned receiving any other money from
her? A. Before that he told me he had borrowed
money from her. I cannot tell just what date, but
in that year.

"Q. Did he mention the amount he had obtained from
her? A. Yes.

"Q. What was the amount? A. About $500, he got from her at one time.

"Q. In the fall of 1910 he got $300 from her? A. Yes.

"Q. And then this other of $500? A. Yes."

There is only one conclusion to be drawn from this testimony. The witness clearly and unequivocally testified that Lofthouse stated to her that he borrowed from the plaintiff at one time $500, and at another $300, to "put on the ranch." This being the fact, Lofthouse became indebted to the plaintiff for the amount of money he got from her. Those transactions could not become the basis for the plaintiff's acquiring an interest in the property. The transactions created the relationship merely of debtor and creditor.

The judgment and order are reversed, and the case is hereby remanded to the trial court, with directions that it enter judgment in favor of the appellants, in accordance with the law of the case as declared in this opinion and in the former opinion of this court. Appellants to recover their costs on this appeal.