## KEYES *v.* NEVADA GAS CO., LIMITED

No. 3069

December 6, 1934.                                      38 P. (2d) 661.

*Charles P. Elmer* and *Earl & Morgan,* for Appellant:

*Leo A. McNamee* and *Frank McNamee, Jr.,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

The amended complaint alleges that the city of Las Vegas granted to the plaintiff a permit to install, lay down, and maintain gas mains, distributing pipes, and all necessary and proper appliances used in connection

therewith, in, through, over, across, under, and along all of the highways, streets, alleys, or public grounds of the said city; that thereafter the plaintiff entered into an agreement with Mike Lang and Howard M. Lang, doing business as Lang Transportation Company, to proceed to procure from the public service commission of Nevada a certificate of public convenience and necessity, incorporating all of the terms of the said permit, and, upon the issuance thereof, to assign the same, together with said permit, to a corporation to be thereafter formed by the said Langs for the purpose of carrying out the aims and purposes of said permit and certificate of public convenience, and to issue to the plaintiff 20 percent of the original capital stock of said company.

It is further alleged that, pursuant to said agreement, this plaintiff did procure said certificate of public convenience from said public service commission, and that the said Langs did cause to be incorporated under the laws of the State of Nevada, for the purpose of operating and maintaining a gas distributing system in the city of Las Vegas, Nevada, the Nevada Gas Company, Limited, a corporation. That pursuant to said agreement the plaintiff did assign his said permit and certificate of public convenience and necessity to the said Nevada Gas Company, Limited.

It is further alleged that the said Langs are the majority stockholders in said company and are in complete control thereof, and that the said Mike Lang and said Howard M. Lang, ever since the incorporation of said company have been, and now are, the president and secretary, respectively, of said company; that, though the plaintiff has often demanded of the defendant and each of them that they cause to have issued to him 20 percent of the original stock in said company, they have failed, neglected, and refused, and still fail, neglect, and refuse, to issue to him said stock, or any stock whatever in said company.

It is further alleged that plaintiff has often demanded of defendants, and each of them, that they permit him

to inspect the books, records, and papers of said company at some reasonable time, but that they have failed, neglected, and refused, and still so fail, neglect, and refuse such request; that plaintiff is informed and believes, and so alleges the fact to be, that the defendant company is now insolvent, and that its capital stock is worthless.

The plaintiff prays judgment that the assignment of said permit and of said certificate of public convenience and necessity be canceled and declared null and void, and that the defendants, and each of them, be ordered to surrender and return to plaintiff the said permit and certificate of public convenience and necessity, with the assignments thereof, and that the court decree that any pretended right, title, and interest which the defendants, or either of them, may have therein by reason of said assignments, be terminated, and for general relief.

To this complaint defendant company demurred generally. The individual defendants were not served with summons and did not appear. The demurrer having been sustained, and plaintiff declining to further plead, judgment was entered for defendant company, from which an appeal has been taken.

1. Counsel for appellant makes two propositions as grounds for a reversal of the judgment. The first proposition is that the prayer of a complaint is not to be considered on general demurrer. Section 8594, N. C. L., states what a complaint must contain. It requires, among other things, that the complaint shall contain "a demand for the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof shall be stated." Hence it appears that a complaint without a prayer for relief is incomplete. It is true, however, that the prayer for relief forms no part of the statement of the cause of action (Kingsbury v. Copren, 43 Nev. at page 454, 187 P. 728, 189 P. 676), and, when an answer is filed and a trial is had, judgment will be awarded in accordance with the facts pleaded and proven. But, where no

answer is filed, the relief which may be granted is expressly limited by section 8792 N. C. L., to "the relief demanded in the complaint." Burling v. Goodman, 1 Nev. 314; Esden v. May, 36 Nev. 611, 135 P. 1185, 1187; Bliss, Code Pl. (3d ed.) secs. 160, 161; Kelly v. Downing, 42 N. Y. 71.

2. There being no allegation of fraud in the complaint, it is clear that no cause of action for a rescission of the contract is stated. 4 R. C. L. p. 500, sec. 14; 9 C. J. 1181. Counsel for appellant concede such to be the rule, but contend that, because of the prayer for general relief, he should be permitted to recover upon any theory, provided the facts alleged entitle him thereto. While we do not find it necessary to determine this point, the weight of authority, under provisions of the civil practice act relative to the demand for relief, such as above mentioned, is against the contention. In Russell v. Shurtleff, 28 Colo. 414, 65 P. 27, 29, 89 Am. St. Rep. 216, the court said: "The relief which the statute contemplates shall be granted in the absence of an answer is the relief demanded. A general prayer is not such a demand"—citing authorities. And a demurrer is not an answer. Kelly v. Downing, 42 N. Y. 71.

3. Counsel for appellant seem to be of the opinion that the refusal of the demand to inspect the books of the company entitles plaintiff to some relief, though no theory or authority is advanced as a basis therefor. It does not appear that plaintiff has been injured in any way because of such refusal. The subject of the right of inspection by a stockholder is covered in 14 C. J. 853 et seq., and in 7 R. C. L. p. 322, to which we direct attention.

4. Appellant contends that he is entitled to a decree directing the issuance to him of a certificate for 20 percent of the capital stock of the defendant company. There being no allegation in the complaint that this amount of stock in the company remains unissued, whatever else might be offered on this point, the contention is not well taken. Smith v. North America Min. Co., 1 Nev. 423; 14 C. J. pp. 485, 486.

5. In view of the allegation in the complaint to the effect that the stock in question is worthless, no judgment for damages can be rendered.

Judgment affirmed.