# FIRST NATIONAL BANK OF WINNEMUCCA *v.* ABEL ET AL.

### No. 3086

March 6, 1935.                                    41 P. (2d) 1061.

*Hawkins, Mayotte & Hawkins,* for Respondent, Daisy K. Abel:

*C. E. Robbins,* for Appellant, did not file a brief on the motions.

## OPINION

By the Court, DUCKER, C. J.:

The complaint in this action was filed in the lower court under the following title: "First National Bank of Winnemucca, a corporation, plaintiff, vs. Daisy K. Abel, Administratrix of the Estate of W. H. Abel, deceased, and Emery Riffe, Defendants." A demurrer to the complaint was sustained and plaintiff was given leave to amend.

An amended complaint was filed in which the title of the action was amended by describing the defendant Daisy K. Abel as administratrix of the estate of W. H. Abel, deceased.

A motion to strike the amended complaint was sustained, and the action was dismissed as to the first-named defendant. Hence this appeal.

The matter before this court consists of a number of motions made by the defendant so dismissed from the action. She will be hereinafter referred to as respondent.

There is a motion to strike the notice of appeal, the undertaking on appeal, the bill of exceptions, to dismiss the appeal, and to affirm the order or judgment of dismissal.

One objection is pressed by respondent in all her motions; that no appeal has been perfected. This objection is predicated upon the contention that in the

original complaint respondent is sued as an individual, the words, "Administratrix of the Estate of W. H. Abel, Deceased," being merely descriptio personæ. Hence it is argued that the amended complaint, the notice of appeal and undertaking on appeal in all of which said respondent is described in the title "as Administratrix of the Estate of W. H. Abel, deceased," were filed in a different action, to wit, in an action in which respondent is sued in her representative capacity.

The contention cannot be sustained. The body of the original complaint shows clearly that the pleader intended to and did place the action against respondent in her representative capacity. It is alleged: "That Daisy K. Abel, on or about the first day of April, A. D. 1931, was by the above-entitled court appointed and thereafter qualified as administratrix of the estate of W. H. Abel, deceased, and that ever since she has been and now is the duly qualified and acting administratrix of said estate."

It is further alleged that at the time of his death said W. H. Abel was indebted to plaintiff, appellant here, by reason of certain promissory notes; that a claim for the amount due thereon was filed against said estate with the clerk of said court; that on or about the 24th day of September, 1932, the said claim was by Daisy K. Abel, as such administrator, rejected and the said claim totally disallowed. As the body of the complaint shows the action to be against respondent in a representative capacity, the omission of the word "as" or other term to make this clear in the title is immaterial. Particularly should we so hold in view of the express injunction in section 8905 N. C. L.: " * * * An appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties. * * * "

But the authorities quite generally sustain the view we take. In 47 C. J., sec. 327, it is stated: "The character in which one is made a party to a suit must be determined from the allegations of the pleading, and

not from its title alone. And where there is a wrong description or no description in the title, the error will be deemed merely formal. A substantial description is sufficient. And where the allegations of the complaint indicate with reasonable certainty that a plaintiff sues, or a defendant is sued, in a representative capacity, although there be no express or specific averment thereof, this is sufficient to fix the character of the suit."

The authorities cited are ample to sustain the text.

In Beers v. Shannon, 73 N. Y. 292, it was held that the omission of the word "as" between the name of the plaintiff, and words descriptive of his representative character in the title, did not prevent him from claiming in that capacity where the complaint otherwise showed that the cause of action, if any, devolved upon him solely in that character.

It was contended in the case of Carr v. Carr, 15 Cal. App. 480, 115 P. 261, 262, that the omission to insert the word "as" after the name of the plaintiff, in the title of the action, necessarily made the action one prosecuted by plaintiff in his individual right, and not in his representative capacity. In answer thereto the court said: "There is no merit in this claim, since the averments of the complaint themselves clearly and distinctly disclose that plaintiff brought the action as the administrator of the estate of Michael Carr, deceased, and not in his own right." See, also, 24 C. J., sec. 2069, pp. 824, 825.

■ Our conclusion as to this question also disposes of the objection urged in the motion to strike the bill of exceptions because its title is the same as the title of the original complaint. The dismissal of the action as to the respondent, November 13, 1933, was a final judgment, and the bill of exceptions filed in the lower court on December 2, 1933, was therefore filed within the twenty days required by section 9398 N. C. L. The appeal being from such final judgment was perfected as required by paragraph 1 of section 8885 N. C. L.

■ In support of the motion to dismiss the appeal

it is urged that the transcript of the record on appeal was not filed in this court within the time required by rule II of the rules of the supreme court. The rule reads: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected and the bill of exceptions, if there be one, has been settled."

The appeal was perfected May 11, 1934, and the transcript of the record on appeal was filed in this court some four months thereafter. Respondent insists that no bill of exceptions was necessary in this case and that therefore the transcript of the record on appeal should have been filed within thirty days after the appeal had been perfected. Hence the appeal should be dismissed in accordance with the provisions of rule III of the rules of the supreme court. The bill of exceptions was settled by the judge of the lower court on August 17, 1934. If the appellant was entitled to take a bill of exceptions in this case, the transcript of the record on appeal was filed within the time required by the rule after the settlement of the bill of exceptions.

Was appellant entitled to take a bill of exceptions in order to present to this court the errors claimed to have been committed by the lower court in striking its amended complaint and dismissing the action as to respondent? She insists that a bill of exceptions was unnecessary and improper because the errors claimed appeared upon the face of the judgment roll. It is true that such errors need not be incorporated in a bill of exceptions. Miller v. Walser, 42 Nev. 497, 181 P. 437. It is also true that a copy of the judgment striking the amended complaint and dismissing the action filed by the clerk pursuant to section 8829 N. C. L. became a part of the judgment roll. All of the judgment roll in this case is incorporated in the bill of exceptions. But there are some papers included in the bill of exceptions which are not a part of the judgment roll. Among these is the notice of motion to strike from the files the first amended complaint. It was upon this motion that the judgment striking the

amended complaint and dismissing the action as to respondent was rendered. This being so, we are not prepared to say that it was not the part of a careful attorney to bring the motion and notice thereof into the record on appeal by means of a bill of exceptions.

It is ordered that all of the motions made by respondent be and they are hereby denied.

### ON PETITION FOR REHEARING

May 31, 1935.

*Per Curiam:*

Rehearing denied.