# FIRST NATIONAL BANK OF WINNEMUCCA
## *v.* ABEL ET AL.

No. 3086

April 10, 1936.                    56 P.(2d) 148.

*C. E. Robins* and *Thos. J. Salter,* for Appellant:

*Hawkins, Mayotte & Hawkins,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

The plaintiff brought suit against the defendants to recover upon promissory notes in the sum of $44,068.40, together with interest and attorney's fees. The complaint contains a prayer for judgment for principal, interest, and attorney's fees, and for general equitable relief. A demurrer was sustained to the said complaint, whereupon, with leave of court, the plaintiff filed an amended complaint. On motion, the amended complaint was stricken and the suit was ordered dismissed as to Daisy K. Abel, administratrix, etc., from which order an appeal was taken.

After the record on appeal was filed herein, counsel for respondent made several motions in this court. The opinion denying the same, which states the facts which are involved on this hearing, is reported in 56 Nev. 6, 41 P.(2d) 1061, where the law of this case is stated. The said opinion was filed March 6, 1935. Theretofore and on February 6, 1935, counsel for appellant filed their brief on the merits; and on June 25, 1935, counsel for respondent filed their brief, the opening paragraph of which reads: "The appellant has filed herein its opening brief and therein has argued and resubmitted to this court questions which, as it seems to us, were passed upon by the court in that certain opinion filed herein March 6, 1935, under and upon a motion to strike the notice of appeal, the undertaking on appeal, the bill of exceptions, to dismiss the appeal, and to affirm the order or judgment of dismissal." Counsel follows up this statement with a brief of 27 pages.

The opinion heretofore filed in this matter being the law of the case on the point therein considered, we need not consider the question of the correctness of the order striking and dismissing the suit. Wright v. Carson Water Co., 22 Nev. 304, 39 P. 872; Id., 23 Nev. 39, 42 P. 196; 4 C. J., p. 1093.

■ There is, however, one point urged by respondent which we may allude to, namely, that there is no prayer to the complaint, in accordance with section 8594 N. C. L. We have held, in keeping with the well-recognized rule that the prayer of a complaint is no part of the statement of a cause of action. Keyes v. Nevada Gas Co., Ltd., 55 Nev. 431, 38 P.(2d) 661. In the same case we touched upon the function of the prayer to a complaint.

■ It is ordered that the orders appealed from be and hereby are reversed, and the case is remanded to the lower court, with leave to plaintiff to apply to the lower court within ten days from the receipt of a copy hereof for an order to allow it to amend its amended complaint in such respects as it may deem proper.