SAM AND MARIE ANDOLINO, APPELLANTS, *v.* THE STATE OF NEVADA; NEVADA HIGHWAY PATROL; DEPARTMENT OF HIGHWAYS; THE METROPOLITAN POLICE DEPARTMENT; THE CITY OF LAS VEGAS; THE COUNTY OF CLARK, ET AL., REPONDENTS.

No. 12086

February 23, 1981　　　　　　　　　　　　　624 P.2d 7

*Paul H. Schofield,* Las Vegas, for Appellants.

*Richard H. Bryan,* Attorney General, *Joe E. Colvin,* Deputy Attorney General, Carson City; *Michael Kaplan,* Deputy Attorney General, Las Vegas; *Charles H. Wagner,* Las Vegas, for Respondents.

---

[5]The Governor designated the Hon. Michael E. Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art. 6, § 4.

## OPINION

*Per Curiam:*

Appellants Sam and Marie Andolino sued the State of Nevada, the Department of Highways, the Nevada Highway Patrol, the Metropolitan Police Department, the City of Las Vegas, and Clark County for negligence. The district court granted motions for summary judgment in favor of all defendants on the ground that they were immune from suit for their discretionary acts. NRS 41.032(2). We reverse with respect to the state and the highway department, and affirm with respect to the other defendants.

In January, 1974, a record snow storm swept the Las Vegas metropolitan area creating hazardous road conditions. Road crews were dispatched to plow the highway and aid local

authorities in handling traffic congestion. The majority of Interstate 15, the main north-south freeway through Las Vegas, was open to travelers. However, the offramp leading to downtown Las Vegas was covered with snow and ice. Plaintiffs were injured when their car entered the offramp, spun out of control, and collided with a guardrail.

The state owes an affirmative duty to keep the highways reasonably safe for the traveling public. State v. Kallio, 92 Nev. 665, 557 P.2d 705 (1976). At the time of the alleged accident, the duty to maintain the highways fell upon the Department of Highways pursuant to NRS 481.027.[1] The doctrine of sovereign immunity does not bar plaintiff's claim that the state and the highway department acted negligently in maintaining the highway. The State of Nevada has waived its sovereign immunity by the enactment of NRS 41.031.[2] It may be sued for operational acts, but maintains immunity for policy or discretionary ones, NRS 41.032(2).[3] We have held that the initial decision to construct a highway is a policy determination, but subsequent decisions or actions to maintain that highway safely are operational ones. State v. Webster, 88 Nev. 690, 504 P.2d 1316 (1972). The decision regarding which areas of the freeway to plow was an operational one. Id. The state cannot claim immunity for the negligent performance of operational acts, NRS 41.032(2). Whether or not these defendants acted negligently is a question of fact. See Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970).[4] Summary judgment in favor of the State of Nevada and the Department of Highways was improper.

By contrast, the Nevada Highway Patrol, Metro Police Department, City of Las Vegas, and County of Clark owed no duty to maintain the highway. NRS 481.027. When the duty to maintain is placed upon one governmental agency, any action

---

[1]NRS 481.027 prior to its amendment provided: "It is intended by this section that the Department of Highways shall retain its control over the physical aspects of the public highways."

[2]NRS 41.031 provides: "The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons . . ."

[3]NRS 41.032(2) provides: "No action may be brought . . . which is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . ."

[4]We express no opinion as to whether or not the alleged acts constitute negligence.

by another agency to assume voluntarily the burden of maintenance is discretionary and therefore precludes liability. NRS 41.032(2); LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972). Thus with respect to these defendants, summary judgment was proper.

We affirm summary judgment with respect to the Nevada Highway Patrol, Metropolitan Police Department, City of Las Vegas, and County of Clark. Because the decision regarding which areas of the freeway to plow was an operational one, the doctrine of sovereign immunity does not bar suit with respect to the State of Nevada and the Department of Highways. The order granting summary judgment in favor of these parties is therefore reversed, and the case is remanded for further proceedings.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOW-BRAY, JJ., and FONDI, D. J.,[5] concur.