SAM ANDOLINO AND MARIE ANDOLINO, APPELLANTS, v. THE STATE OF NEVADA AND NEVADA DEPARTMENT OF HIGHWAYS, RESPONDENTS.

No. 13932

April 29, 1983

662 P.2d 631

---

*Nitz, Schofield & Walton,* Las Vegas, for Appellants.

*Brian McKay,* Attorney General, *Karen Heggie* and *Roger Comstock,* Deputy Attorneys General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

The facts giving rise to appellants' cause of action in this case have already been set forth by this Court in Andolino v. State, 97 Nev. 53, 624 P.2d 7 (1981). In our decision in that case, we held that respondents owed an affirmative duty to maintain the highways and keep them reasonably safe for the traveling public.[1] Having determined that governmental immunity did not apply to respondents and that summary judgment in their

---

[1] It should be noted that NRS 481.027, which we cited as the basis for imposing a duty on the Department of Highways to maintain the highways, relates to NRS 408.285, which, at the time this cause of action accrued, read, in part: "[t]he highways which are constructed, reconstructed, improved and maintained by the department in accordance with the provisions of this chapter shall be state highways, and the department shall be charged with the responsibility of such construction, reconstruction improvement and maintenance, . . ." The quoted part of the statute now reads: "[t]he highways which are constructed, reconstructed, improved and maintained by the department in accordance with the provisions of this chapter are state highways, and the department is responsible for their construction, reconstruction, improvement and maintenance, . . ." The "department" was changed from the Department of Highways to the Department of Transportation in 1979. *See* 1979 Nev. Stats. ch. 683, at 1762, 1763.

favor was improper, we remanded the case to the district court for further proceedings. We specified that the question of respondents' negligence was a question of fact. *Id.* at 55.

After remand, the parties proceeded to trial. Plaintiffs' case consisted of testimony of both plaintiffs, in which the facts of the snowstorm and the automobile collision were established.[2] During the course of the trial, the judge specifically stated that plaintiffs had proved respondents obligation to clear the roadway in question.

After plaintiffs had rested, defendants moved, under NRCP 41(b), to dismiss the case on the ground that plaintiffs had not proved that defendants had breached their duty of care to plaintiffs. The motion was denied.

Plaintiffs then moved the court to reopen their case in chief in order to publish the deposition of Neil Emigh, or alternatively, to allow Mr. Emigh to testify, as he was present under a subpoena from the defense. The motion, which was made in order that Emigh's testimony regarding respondents' duty of care be submitted, was a renewal of an earlier motion to place Emigh's deposition in evidence. That motion had been withdrawn upon the trial court's suggestion that the testimony would be better introduced as rebuttal evidence after the defense had presented its case. While this second motion to admit Emigh's testimony was pending, the trial judge suggested *sua sponte* that plaintiffs had not established that the scene of the subject accident was under the jurisdiction of the Department of Highways. Plaintiffs countered that any such deficiency could be remedied by the testimony of Mr. Emigh.

Plaintiffs also directed the trial court's attention to this Court's holding in the prior appeal and moved the court to take judicial notice of it. The motion was denied. Defendants successfully moved for a directed verdict on the court's suggestion that it would entertain such a motion. In the order directing the verdict for the defendants, the court specifically determined:

> [T]hat because the plaintiffs had failed to present any evidence to prove the defendants had jurisdiction or control of the roadway on which the accident occurred, the defendant was entitled, as a matter of law, to a directed verdict.

Appeal from that order was taken. We reverse.

---

[2]Prior to trial, counsel stipulated to the extent of plaintiffs' injuries and the amount of resulting damages. Thus, proof of these matters was not adduced.

## LAW OF THE CASE

The doctrine of law of the case has long been accepted in Nevada law. As early as 1895, in Wright v. Carson Water Co., 22 Nev. 304, 39 P. 872, we said where an issue has once been adjudicated by a first appeal, that adjudication is the law of that case in subsequent proceedings. Regarding a determination made in an earlier appeal which this Court found "went to the essence of the case," this Court stated:

> The decision is the law of the case, not only binding on the parties and their privies, but on the court below and on this court itself. A ruling of an appellate court upon a point distinctly made upon a previous appeal is, in all subsequent proceedings in the same case upon substantially the same facts, a final adjudication, from the consequences of which the court cannot depart.

*Id.* at 308. *See also* Crosman v. Southern Pacific Co., 44 Nev. 286, 194 P. 839 (1921); Bottini v. Mongolo, 45 Nev. 252, 200 P. 451 (1921); Barrett v. Franke, 48 Nev. 175, 228 P. 306 (1924); State v. Loveless, 62 Nev. 312, 150 P.2d 1015 (1944); LoBue v. State *ex rel.* Department of Highways, 92 Nev. 529, 554 P.2d 258 (1976).

In the instant case, this Court's determination in the prior appeal that respondents had a duty to maintain the highways of necessity mandated the finding that the respondents had jurisdiction and control over the area in question. This determination goes to the essence of the case in the court below. It is the law of the case which bound the trial court on remand. The district court's failure to recognize and follow the law of the case was error.

## JUDICIAL NOTICE

The Nevada statutes regarding judicial notice do not specifically cover mandatory notice of the law of the case. NRS 47.140 provides, in pertinent part:

> *Matters of Law.* The laws subject to judicial notice are:
>
> . . . .
> 2. The constitution of this state and Nevada Revised Statutes.
>
> . . . .
> 7. The constitution, statutes or other written law of any other state or territory of the United States, or of any

foreign jurisdiction, as contained in a book or pamphlet published by its authority or proved to be commonly recognized in its court.

This Court has stated that the laws of sister states, as reported in court opinions, are also subjects for judicial notice. Kraemer v. Kraemer, 79 Nev. 287, 382 P.2d 394 (1963); Choate v. Ransom, 74 Nev. 100, 323 P.2d 700 (1978). Logically, the law of Nevada as found in reported court opinions is similarly subject to judicial notice. The law of the case is necessarily included within the ambit of this law.

■■■■■■■

Under NRS 47.150, a court must mandatorily take judicial notice if requested to do so by counsel and if provided the necessary information. In the instant case, these statutory requirements were met. The record reflects that plaintiffs' counsel addressed the trial court regarding the reasoning and the holding of this Court in the prior appeal, and a copy of this Court's decision and order were made a part of the trial record.

Under ordinary circumstances, establishment of the law of the case either through proof or through judicial notice is unnecessary. Here, the district court's threshold error in failing to recognize the law of the case could have been remedied by judicial notice of that law upon counsel's request. Failure to do so compounded the error.

### REOPENING THE PLAINTIFFS' CASE IN CHIEF

■■■■■■■

Generally, the decision to reopen a case for the introduction of additional evidence is within the sound discretion of the trial court. Smith v. Smith, 511 P.2d 294 (Idaho 1973); Foreman v. Myers, 444 P.2d 589 (N.M. 1968); Lewis v. Porter, 556 P.2d 496 (Utah 1976). Leave to amend and reopen should be freely given in order that justice may be done. Caldwell v. Tilford, 367 P.2d 239 (Ariz. 1962). Where an essential element of a party's case can be easily and readily established by reopening the case, refusal to allow the case to be reopened will most often constitute an abuse of discretion.

■■■■■■■

Here, introduction of the evidence of the essential element of respondents' jurisdictional responsibility for the segment of involved highway would have remedied the error made by the court's failure to recognize the law of the case. It would also have helped rectify the problem created by the trial judge in seeming to accept the proposition that plaintiffs had proved

defendants' highway jurisdiction prior to resting their case, and then suggesting, after plaintiffs had rested, that necessary proof to that effect had not been adduced. Under the circumstances of this case, the district court's refusal to allow plaintiffs to reopen their case in chief was error.

## HARMLESS ERROR

Respondents urge that even if the trial court was in error in directing a verdict in their favor on the grounds stated, such error was harmless because the appellants failed to prove negligence on the part of the respondents at trial. We disagree with respondents' contention.

Respondents urge on appeal the very contentions which were asserted unsuccessfully below as part of their motion for dismissal. After hearing respondents' arguments, the district court found that dismissal of the cause of action for failure to prove negligence would be improper. This Court will not substitute its judgment for that of the district court in this regard. *See* Blanchard v. Nevada State Welfare Dept., 91 Nev. 749, 542 P.2d 737 (1975); Bangston v. Brown, 86 Nev. 653, 473 P.2d 829 (1970); Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969).

Reversed and remanded for a new trial.