IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3, Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 81713 **FILED** JAN 14 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.[1]

This is the second appeal in this matter. In the first appeal, we reversed the district court's judgment for respondent, concluding that the district court erred when it determined appellant lacked standing to litigate this matter. *See Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 75871, 2019 WL 5490999, at *1-2 (Nev. Oct. 24, 2019) (Order of Reversal and Remand). We also declined to affirm on alternative grounds, as the district court's judgment included a finding that appellant's predecessor was not mailed the statutorily required Notice of Sale.[2] *See id.* at *2-3 & n.3. We concluded

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Although respondent disputed the evidentiary basis for this finding in the first appeal, respondent did not dispute that the district court's judgment included this finding.

22-01482

our disposition by explaining that we were "ORDER[ING] the judgment of the district court REVERSED AND REMAND[ING] . . . to the district court for proceedings consistent with this order." *Id.* at *3.

On remand, the parties submitted supplemental briefing on the issue of whether the Notice of Sale had been mailed to appellant's predecessor. The district court again entered judgment for respondent, this time concluding that appellant had not introduced admissible evidence at the previous trial to support the earlier finding. In so doing, the district court observed that "the Supreme Court did not remand for a new trial" when we resolved the first appeal and that, as a consequence, "there is no further proceeding in which the custodian of records could be presented to admit the Proforma records."

Now in this appeal, appellant contends that the district court erred in determining that this court had *prohibited* the district court from considering new evidence on remand. To the extent the district court interpreted our previous disposition as such, we agree with appellant. Our previous disposition contained no such prohibition. *See Liu v. Christopher Homes, LLC*, 130 Nev. 147, 151, 321 P.3d 875, 877 (2014) (reviewing de novo the interpretation of this court's previous dispositions). And because we cannot discern whether the district court would have reached the same conclusion in the absence of this potential misinterpretation, we again are compelled to reverse and remand. On remand, the district court is free to exercise its own discretion in determining whether, and if so to what extent, the parties should be permitted to introduce additional evidence.[3] *See Andolino v. State*, 99 Nev. 346, 351-52, 662 P.2d 631, 634 (1983) ("Generally,

---

[3]This pertains not only to the Notice of Sale issue but also to appellant's excused-for-futility argument relating to a superpriority tender.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the decision to reopen a case for the introduction of additional evidence is within the sound discretion of the trial court.").

Respondent contends that we can affirm on alternative grounds, but once again, we decline to do so. Respondent's alternative arguments are fact-intensive, and "[a]n appellate court is not particularly well-suited to make factual determinations in the first instance." *Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

Parraguirre C.J.

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Jacqueline M. Bluth, District Judge
William C. Turner, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Kim Gilbert Ebron
Eighth District Court Clerk