The Cincinnati, Lebanon & Northern Railway Co. *v.* Shurts.

*Negligence — Pleading negligent acts of defendant — Overruling motion to make definite, etc. — Not prejudicial error, when — Negligence per se — Obstructed headlight on engine — Section 8945-1, General Code.*

1. While it may be error to overrule a motion to make a petition for damages definite and certain by specifying the defendant's negligent acts causing the injury, such error is not prejudicial where the only persons present at the time of the accident were defendant's employes whose undisputed evidence showed negligence on the part of the defendant in operating its locomotive and train of cars.

2. The operation of a locomotive with its headlight obstructed by a box-car or caboose which was being pushed by such engine, is a violation of Section 8945-1, General Code, requiring the equipment of locomotives with headlights, and constitutes negligence *per se,* which negligence, if the proximate cause of an injury, would make a defendant railway company liable.

(Decided December 20, 1918.)

Error: Court of Appeals for Warren county.

Messrs. *Eltzroth & Maple,* for plaintiff in error.

Messrs. *Brandon & Ivins,* for defendant in error.

HAMILTON, J. This case comes into this court on error from a judgment of the court of common pleas of Warren county. The parties will be referred to as they stood below.

The plaintiff, Anna L. Shurts, recovered a judgment in the trial court against the defendant, The C., L. & N. Railway Company, for damages growing ou⸱ of the killing of two mules by a train of the defendant company. The mules were the property of the plaintiff and had strayed upon the track of the defendant company without fault on the part of the plaintiff.

The amended petition sets forth allegations of negligence as follows:

"Plaintiff further avers that she was before, and on or about midnight of August 29, 1916, the owner of two mules of the value of $450, which said mules casually and without fault of this plaintiff, strayed in and upon the track and ground occupied by the railroad of the said defendant. Said plaintiff further avers that on or about midnight of said 29th day of August, 1916, said defendant, by its agents, servants and employes, not regarding its duty in that respect, so carelessly and negligently ran and managed one of its said locomotives and cars, that the same ran against and over said mules of this plaintiff, and killed and destroyed the same to the damage of this plaintiff in the said sum of $450.00."

To these allegations of negligence the defendant company interposed a motion to make the amended petition more definite and certain by stating "what acts of negligence of the defendant caused the injury or damage complained of."

This motion was overruled by the trial court, to which ruling the defendant excepted, and it is now urged as one of the grounds of error upon which the defendant seeks reversal of the judgment.

Section 11336, General Code of Ohio, is as follows:

"When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

In the case of *The N. Y., C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, the court, in construing this section, say at page 332:

"This means that the court shall in a proper case require the pleading to be made definite and certain. It is not a mere matter of discretion. It is a substantial right to a party to have the pleading against him so definite and certain as to enable him to know what he has to meet, and to prepare his evidence accordingly."

Again, at page 333, the court say:

"But to say that the company 'negligently and carelessly operated and handled its said locomotive and train of cars,' avers no fact as causing the injury."

The rule as laid down in the first and second propositions of the syllabus is as follows:

"1. When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, and a motion is made to require such pleading to be made definite and certain, it is error to overrule such motion.

"2. In an action founded upon negligence, the petition should state the acts of commission or omission which the plaintiff claims to have caused the injury; and that statement being made, it is sufficient to aver that such acts were carelessly or negligently done, or omitted."

Many other authorities make the same holding, and the rule seems well settled as set forth above in the case of *Railroad Co.* v. *Kistler.*

Applying this rule to the case at bar, we are of the opinion that the trial court committed error in overruling the motion. But was this error prejudicial and sufficient to justify reversal? Unless prejudicial, under Section 11364, General Code, the error must be disregarded.

While in many cases this error might materially affect the substantial rights of the adverse party, to his prejudice, a careful examination of the record in this case convinces us that the defendant company was not prejudiced by the overruling of the motion. The record shows the material facts to be practically undisputed. The injury complained of happened about midnight and the only persons present were the members of the train crew. They were the only witnesses who testified as to how the accident occurred and as to the operation of the train. Their undisputed testimony was in substance that the train consisted of an engine, tender and box-car or caboose; that the time was about midnight and that it was dark and foggy; that the engine was pushing the box-car or caboose in front of it; that, while the engine had a headlight, the headlight was rendered useless by reason of the box-car or caboose being attached to

and in front of it, so that the engineer was unable to see the track in front of the engine in the direction in which he was traveling; that the brakeman and conductor were on the end of the caboose farthest from the engine and had lighted lanterns with which they signaled the engineer to guide him in the operation of the engine and train; that they were running very slowly—about four miles per hour—and could stop within a distance of about ten or twelve feet; and that they could not and did not see the mules until the train struck them.

This being the only evidence as to the operation of the train, and as to how the injury occurred, we are unable to see how the defendant company was put to any disadvantage in the trial by reason of any uncertainty or indefiniteness of the allegation of negligence.

We are, therefore, of the opinion that this error was not prejudicial to the defendant company.

It is urged that the trial court erred in overruling the motion of defendant company for an instructed verdict, and in overruling the motion for a new trial. The main proposition relied upon by counsel for defendant to sustain these grounds of error is that the verdict and judgment are not sustained by any evidence, and are against the weight of the evidence.

We are of the opinion that the evidence as disclosed by the record, and briefly set out above, was sufficient to send the case to the jury, and that the verdict and judgment are not so manifestly against the weight of the evidence as to warrant a reversal. The jury might well believe that the operation of

the train between stations with the headlight obstructed by the caboose in front of it, so that the engineer was unable to see the track, was the proximate cause of the injury and constituted negligence; and in the absence of negligence on the part of the plaintiff it could properly find the defendant company liable for the damage. In fact, the operation of a train with the headlight obstructed, as the evidence shows was done in this case, was a violation of Section 8945-1, General Code, regulating the equipment of locomotives with headlights, and constitutes negligence *per se,* which negligence, if the proximate cause of the injury, would make the defendant company liable.

It is pleaded in the answer of the defendant company that the mules were trespassing on defendant's right of way, but this fact, if true, in the absence of any fault on the part of the plaintiff, would not relieve the company from the exercise of due care in the operation of its trains.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

JONES, P. J., and SHOHL, J., concur.