THOMPSON, ASSIGNEE, v. HARBINE, JR.

*Pleading—Answer denying that plaintiff licensed money lender —Section 6346-1 et seq., General Code—Issue of fact raised, and judgment on pleadings erroneous.*

Where petition alleged that plaintiff was a money lender, licensed under Sections 6346-1 to 6346-10, General Code, answer denying that he was entitled under state laws or otherwise to interest claimed at 3 per cent. per month made a controverted question of fact, and granting motion for judgment on pleadings was error.

(Decided November 16, 1925.)

ERROR: Court of Appeal for Warren county.

Judgments, 34 C. J. § 424; Pleading, 31 Cyc. p. 608.

*Mr. Howard W. Ivins,* for plaintiff in error.
*Mr. John T. Harbine, Jr.,* for defendant in error.

Buchwalter, P. J. The action below was to secure the allowance of a claim on a promissory note, which had been disallowed by William G. Thompson, as the assignee of Edward S. Shroyer. The assignee, as defendant, filed an answer denying that plaintiff was entitled under the laws of Ohio to interest as claimed in the petition.

On a hearing on a motion for judgment on the pleadings the court granted judgment, allowing the full claim of the plaintiff, as prayed for. Error is now prosecuted to this judgment.

It is averred in the petition that on April 9, 1924, Edward S. Shroyer and his wife executed and delivered to John T. Harbine, Jr., a note for $1,-000, secured by chattel mortgage, the interest rate being 2½ per cent. per month and 3 per cent. per month after maturity; that prior to the maturity of the note, to-wit, in December, 1924, Edward S. Shroyer made an assignment to William G. Thompson for the benefit of creditors. The note in question was presented to the assignee. On January 27, 1925, he disallowed the claim.

Plaintiff further avers that he was a money lender, licensed to do business under Sections 6346-1 to 6346-10 of the General Code of Ohio, and prayed for judgment requiring said assignee to allow the claim.

The answer admits the execution of the note as alleged, and its presentation for allowance, and sets forth that the assignee is now prosecuting an action in the probate court for the sale of the

chattel property, in which action the plaintiff is an answering defendant; admits willingness to consent to an allowance of the claim for the principal sum due and interest at the rate of 6 per cent. per annum; and denies "that said plaintiff is entitled under the laws of the state of Ohio, or otherwise, to the interest claimed in the petition."

The point at issue was as to the payment or allowance of 2½ per cent. per month, and 3 per cent. per month after maturity, instead of interest at 6 per cent. per annum.

As the judgment of the Court of Common Pleas was rendered on the motion for judgment on the pleadings, the only matter of importance in this case, as we view it, is as to whether or not an issue was joined upon the authority or right of the plaintiff under the laws of Ohio to receive interest in excess of 6 per cent. per annum. If, by the answer, the defendant fairly raised that issue, then the judgment on the pleadings was incorrect and prejudicial.

The plaintiff's right to charge interest upon a loan in excess of 8 per cent. per annum is governed by the provisions of Sections 6346-1 to 6346-10, inclusive, General Code, and this authority to so charge is made subject to many limitations and restrictions. It is essential for the money lender upon chattels, in addition to other requirements under existing laws, to take out a license, give bond, and furnish the borrower with a copy of the section of the Code referring to interest, with a written statement showing the amount, time, rates, etc., of the loan. The act provides that under certain conditions the loan and mortgage

shall be void, and provides penalties for a violation of the provisions of the act. The act was passed, not only to make it possible to protect those who would loan money on salaries or on chattels, but also to prevent the oppression of persons in dire need from exorbitant and excessive charges for such loans, and to this end provisions were incorporated to the effect that those who undertook to so loan should be held under strict supervision and regulation.

To charge 3 per cent. a month the lender must conform to these provisions and limitations of the Code.

Did the answer of the defendant in this case put in issue these questions? If so, then there was an issuable and controverted fact or facts which could not be determined on the motion.

In the case of *Trustee of School Section 16* v. *Odlin,* 8 Ohio St., 293, wherein an action was brought to recover for rent for certain school lands, the rental being based on an appraisement provided for by certain sections of the Code, the petition, in referring to the reappraisement on which the amount of rent was determined, set forth:

"That in pursuance of said written lease, and according to the statute in such case made and provided, the leased lands were   *   *   *   duly and legally revalued or appraised."

To this petition the defendant answered: "Said revaluation and appraisement was not duly and legally made, according to and in pursuance of the said lease and the statute in such case made and provided, as averred in said petition."

The court stated on page 297: "We agree with counsel that the answer does not disclose upon what illegality in the appraisement the defendant relies; though it is very clear, we think, that he insists upon its not having been made in pursuance of the statute. The answer is, therefore, indefinite; and under section 118 of the Code [the same provision is now contained in Section 11336, General Code], which provides that 'when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment,' the plaintiff could have compelled the defendant to state specifically in what particulars the appraisement was not duly and legally made."

The court then sets forth the common-law rule, which has been changed by statute (Section 11345, General Code):

"The allegations of a pleading shall be liberally construed with a view to substantial justice between the parties."

And at page 297, the court lays down the rule of law applicable to that case in the following language:

"If what, under common-law pleadings, was denominated a legal deduction or conclusion of law, is alleged, it may or may not contain also a fact constituting a cause of action or defense, but if it does, and is indefinite and uncertain, the opposite party may, by motion, require it to be made definite by motion. He can not demur, as at common law, nor object to the pleading on error. There may be mere abstract propositions or conclusions

of law which contain no fact whatever. It is enough, however, for the present case, to say that the deduction or conclusion of law, in the answer in this case, construed as ordinary language, does, in an indefinite manner, which the other party did not object to, put in issue the fact whether there was any valid appraisement made. The plaintiff having proceeded to trial, waived objections to its indefiniteness.''

The same rule is stated in *Travelers' Ins. Co.* v. *Great Lakes Engineering Works Co.*, 184 F., 426, at page 429, 107 C. C. A., 20, 23 (36 L. R. A., [N. S.], 60):

''By Section 5088 [now Section 11336, General Code] provision is made for requiring pleadings to be made more definite and certain by amendment, and it has been held that defects of allegation which do not amount to such an absolute omission of fact as to constitute no ground of action or defense must be taken advantage of or objected to by motion.''

Under the above authorities we are of opinion that there was a controverted question of fact to be determined, and that the court of common pleas was in error in granting the motion for judgment.

The judgment will be reversed, and the cause remanded, with instructions to overrule the motion for judgment on the pleadings, and for further proceedings according to law.

*Judgment reversed, and cause remanded.*

HAMILTON and CUSHING, JJ., concur.