## SEIBEL *v.* SEIBEL.

(Decided February 28, 1927.)

*Messrs. Merland, O'Meara & Santen,* for plaintiff in error.

*Mr. John W. Weinig,* on behalf of Judge of Court of Domestic Relations.

HAMILTON, P. J.  Plaintiff in error, Albert A. Seibel, filed suit in the court of domestic relations of Hamilton county, Ohio, for a divorce from his wife, Anna A. Seibel.

The petition alleged that the defendant, in vio-

lation of her marital obligations, has been guilty of extreme cruelty and gross neglect of duty toward plaintiff, without specifying particular acts of neglect or cruelty.

Summons was served on the petition. There was personal service on the defendant.

There was no answer or other pleading filed in the case, and when the case was called for trial, the defendant did not appear.

The court, on its own motion, held that the petition filed did not state a cause of action, and, on offer of plaintiff to amend, held that new summons should issue.

The question to determine here is whether or not the allegations above recited state a cause of action.

The statute provides as a ground for divorce extreme cruelty and gross neglect of duty. Section 11979, General Code. These statutory grounds are alleged. Facts constituting these grounds would be evidence in the case.

It is argued that the grounds stated in the petition are only allegations of law and not of facts.

No case deciding the exact question here involved has been cited, but a case involving a similar point is cited by counsel for plaintiff in error. The case is *Trustees of School Section 16* v. *Odlin,* 8 Ohio St., 293. In that case the question was one of rental for land, based on an appraisal provided for by certain sections of the Code. The petition alleged that the leased lands were duly and legally revalued or appraised. To the petition, the defendant answered: "Said revaluation and appraisement was not duly and legally made, according to and in pursuance of said lease and the statute in such case made and pro-

vided, as averred in said petition." The court held: "It is enough, however, for the present case, to say that the deduction or conclusion of law in the answer in this case, construed as ordinary language, does, in an indefinite manner, which the other party did not object to, put in issue the fact whether there was any valid appraisement made."

Applying this rule to the instant case, we have the statutory ground for divorce alleged. The allegations put in issue the facts whether the defendant was guilty of gross neglect of duty or extreme cruelty. Whether or not the court, on motion, should have required the plaintiff to make the petition definite and certain, is not now before us.

A similar point was decided by this court in the case of *Thompson, Assignee,* v. *Harbine,* 20 Ohio App., 394, 152 N. E., 671. The suit was on a promissory note. Plaintiff claimed to have made a loan as a money lender, licensed to do business under the Code. The answer among other things denies "that said plaintiff is entitled under the laws of the State of Ohio, or otherwise, to the interest claimed in the petition." The trial court held this allegation in the answer was an allegation of law, and not one of fact. This court held that this raised a controverted question of fact to be determined, and reversed the trial court. One of the authorities relied on in this case was the case of *Trustees of School Section 16* v. *Odlin, supra.*

Our conclusion is that the petition states a good cause of action, and that the trial court committed error in dismissing the petition.

The other question raised is whether an amendment to make a petition definite and certain requires

a new service of summons. It is the rule of procedure that where a petition is indefinite or uncertain, the trial court, on a proper motion to make definite and certain, filed by the adverse party, may in his discretion grant such a motion. We know of no procedure which would warrant a court, on his own motion, to make such requirement.

It is certainly clear that no new summons is necessary upon an amendment making a petition definite and certain, unless the amendment makes a new cause of action.

The judgment will be reversed, and the cause remanded, with instructions to reinstate the petition, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.