entitled to compensation in excess of the amount admitted by said defendant.

*Judgment accordingly.*

WASHBURN, P. J., and FUNK, J., concur.

DIERCKS *v.* DIERCKS.

(Decided December 10, 1928.)

*Messrs. Ratterman & Cowell,* for plaintiff in error.
*Messrs. Williams, Ragland, Dixon & Murphy,* for defendant in error.

Ross, J. This case comes into this court on pe-

tition in error seeking to set aside a judgment of the court of common pleas of Hamilton county, division of domestic relations, granting a divorce and other relief to William Diercks, the plaintiff below.

Two major assignments of error are urged: (1) That the findings of fact, conclusions of law, and the judgment predicated thereon are not sustained by the weight of the evidence; (2) that the trial court erred in overruling the motion to make definite and certain the petition, which, in the language of the statute, simply alleged that the defendant was guilty of gross neglect of duty and extreme cruelty, without adding further amplifying statements supporting these general ultimate facts.

As to the first assignment of error, we are of opinion that there was ample evidence to sustain the findings of fact, the conclusions of law, and the judgment of the court. The weight of the evidence was sufficient to meet the burden placed by law upon the plaintiff.

As to the second assignment of error, Section 11305, General Code, provides that the petition by the plaintiff must contain a statement of facts constituting a cause of action. Section 11336, General Code, provides that when this statement of facts is so indefinite and uncertain that the precise nature of the charge is not apparent, the court may require the pleading to be made definite and certain by amendment. In *N. Y., C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 64 N. E., 130, it is held that upon a showing of such indefiniteness and uncertainty the obligation upon the court to require amendment is not discretionary, but a substantial right rests in

the one urging the motion to have the petition made definite and certain.

This court held in the case of *Seibel* v. *Seibel,* 30 Ohio App., 198, 164 N. E., 648, that allegations similar to those in the instant case state a cause of action; but specifically reserved the question whether such allegations would be properly subject to a motion to make definite and certain. This is the question now before us. Did the language used advise the defendant of "the precise nature of the charge?" The statute does not require that the details upon which the plaintiff relies to substantiate the charge should be pleaded. It would be almost impossible to allege these without pleading evidence. "The nature of the charge" in a divorce case is one of the several grounds set out in the statute. But the statute goes further. It requires the "precise" nature of the charge to be set out. There are many forms of extreme cruelty and gross neglect of duty. Has the pleader been precise when merely stating his charge in the language of the statute? "Precise" is defined in the Oxford English Dictionary as "definitely or strictly expressed; exactly defined; definite, exact." An allegation simply charging defendant with extreme cruelty or gross neglect of duty is not such a definite or certain allegation as will advise the defendant of "the precise nature of the charge" that must be met. No more general language could have been used. There is nothing precise, exact, definite, or certain in such a charge, and it was error on the part of the court to refuse the motion.

But was this error prejudicial and sufficient to justify a reversal? Under Section 11364, General

Code, the error, unless prejudicial, must be disregarded, *C., L. & N. Ry. Co.* v. *Shurts,* 10 Ohio App., 226. We have carefully reviewed the record, and find that the defendant received substantial justice, and hence the above error is not prejudicial.

The parties, at the time of the trial in the court below, had been married for less than a year, and incidents of their married life must have been fresh in the memory of both.

Nowhere in the record does it appear that the defendant claimed surprise, or asked for a continuance to meet unexpected evidence; nor does the record show that she was prevented in any way from the privilege of attaching interrogatories to her answer, or taking the deposition of the plaintiff. The defense was very full and complete in its scope, though ineffective as an answer to the evidence introduced by the plaintiff.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., concurs.