# NIELSEN *v.* NIELSEN

No. 3072

December 4, 1934.                    38 P. (2d) 663.

*J. T. Rutherford* and *John S. Halley,* for Appellant:

*Howard E. Browne,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is a suit for divorce. It was instituted by the respondent. The cause of action alleged is as follows: "That for several years last past the plaintiff and the defendant had been engaged in operating a sanitarium at Santa Maria, California. While so occupied the plaintiff did a great deal of work in caring for said sanitarium and in caring for patients at said sanitarium. The defendant expected the plaintiff to do more work than she was doing and expected the plaintiff to work night and day. The defendant on several occasions told plaintiff, 'you could stand to do a lot more work.' The defendant did not appreciate the efforts of plaintiff, nor manner in which plaintiff's strength was being exhausted and her health impaired. He told the plaintiff on several occasions: 'I've made a damn sight more money before I married you anyway.' This remark and others by defendant caused plaintiff great mental anguish and suffering and the plaintiff's health was seriously affected by reason of the mental anguish caused by the defendant's extreme cruelty and over

work, so much so that for her own health she was compelled to seek rest and comfort elsewhere. The extreme cruelty on the part of the defendant to plaintiff has not been forgiven nor condoned by the plaintiff."

A demurrer interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was overruled, and appellant answered.

The allegations of cruelty were denied in the answer. Appellant did not appear for the trial of the case, nor was he represented by his counsel thereat. A decree of divorce was made and entered in which it was ordered that plaintiff, respondent here, receive an allowance of $50 per month for six months, or the sum of $300 for her expenses pending the trial of the action, an attorney fee in the sum of $250, and costs of suit in the sum of $69.20. The appeal is from this decree.

Appellant assigns as error: First, the allowance of $300 incurred by respondent from May 3, 1933, to the time awarded, and $250 attorney's fee for services rendered prior to the decree; second, that the complaint does not state facts sufficient to constitute a cause of action.

We will consider the latter assignment. The specific acts and words alleged in the complaint do not constitute extreme cruelty. Respondent contends that, however this may be, the complaint charges that ground in the words of the statute, which is sufficient. This provision is found in the Session Laws of 1931, c. 97, at page 162. It reads: "The complaint in such suit may state the grounds for divorce in the words of the statute, but either party may demand a bill of particulars as in other civil cases."

A provision extending to a defendant in a suit for divorce the right to so allege the cause or causes for divorce in a cross-complaint or counterclaim is found at page 412 of said Session Laws (chapter 222).

1. The allegations of the complaint relied on to support respondent's contention are as follows: "Plaintiff's health was seriously affected by reason of the mental anguish caused by defendant's extreme cruelty

and over work. * * * The extreme cruelty on the part of defendant has not been forgiven or condoned by the plaintiff." If these statements could be said to constitute a charge of extreme cruelty in the words of the statute and not conclusions of law from the facts stated, we say that such facts are inconsistent with the charge and render the complaint insufficient.

2. The gist of the complaint is that appellant did too much work, was overworked, and that respondent did not appreciate her efforts, but expected her to do more work. Whatever may have been appellant's mental reservations in this respect, it does not appear that he compelled her or even commanded her to do so much work. The remark attributed to him as addressed to her on several occasions: "You could stand to do a lot more work," is more in the nature of a suggestion than a command. For aught that appears in the complaint, respondent's labors in caring for patients at the sanitarium were purely voluntary. The fact that appellant did not appreciate the efforts of respondent nor manner in which her strength was exhausted and her health impaired, as alleged in the complaint, may have been due to thoughtlessness or lack of judgment, rather than to ill will or want of marital regard. Moreover, it does not appear that the work performed by respondent was of a kind inappropriate for a woman to do.

3, 4. The remark alleged to have been made on several occasions: "I've made a damn sight more money before I married you anyway," was a rude expression and one calculated to wound the feelings of a wife. But it cannot be thought that an occasional remark of that kind would impair the health of a wife of ordinary sensibility of mind or create a reasonable apprehension of such injury. It does not appear that it was made in the presence of third parties. Consequently the embarrassment which would be naturally caused by such a circumstance was not added to any hurt which may have been given to respondent's feelings. Mere austerity of temper, petulance of manner, rudeness of language, a want of civil attention and accommodation,

even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty. Kelly v. Kelly, 18 Nev. 49, 1 P. 194, 51 Am. Rep. 732.

5. It was held in the foregoing case that the element of danger to life, limb, or health, or the reasonable apprehension of such danger, must exist in order to constitute legal cruelty, and that the health of a sensitive wife may be as effectually destroyed by systematic abuse, and humiliating insults and annoyances, as by blows and batteries. While its policy in regard to the law of divorce has been marked in recent years by increasing liberalism, of which the provisions mentioned are samples, the legislature has not sought to modify the doctrine announced in Kelly v. Kelly.

The allegations of the complaint do not furnish ground for a reasonable apprehension of injury to respondent's health.

It follows that the decree is also erroneous as to allowances for respondent's expenses and her attorney's fee.

The decree is reversed.