LEILA ANNE BUAAS, Appellant, v. WALTER F. BUASS, Respondent.

No. 3408

March 20, 1944. 147 P. (2d.) 495.

*Donnell Richards,* of Reno, for Appellant.

*Alan Bible,* of Carson City, for Respondent.

**O P I N I O N**

By the Court, ORR, C. J.:

Respondent, as plaintiff and cross-defendant in the trail court, was granted an absolute divorce from appellant, as defendant and cross-complainant, on the ground of extreme cruelty. The decree also made provision for a division of the property rights of the parties.

In her appeal appellant has presented two questions for determination. First, she contends that the provisions relative to the real property awards contained in the decree are not conformable to the case made by the complaint, in this: The trial court was without jurisdiction to adjudicate property rights in realty situate in a foreign state, and, further, that no settlement of the property rights could properly be made under the prayer for general relief which the complaint contained.

In considering the question of whether or not the relief granted was conformable to the case made, we must look to the issues joined by the pleadings, and not to the allegations of the complaint alone. The complaint alleges, in paragraph IV: "that there is community property belonging to the plaintiff and defendant situated in Nevada and California, the exact value of which is unknown." The answer admits the allegations of said paragraph IV of the complaint, and in the cross-complaint filed by appellant it is prayed that certain property situate in California be assigned and

decreed to her. The reply filed by respondent also prays that the community property be divided between the parties.

Considering the issues made by the complaint, answer and reply, we are convinced that the provisions of the decree dividing the community property do conform to the case made, and under the prayer for general relief the court was empowered to pass upon the property rights.

"The relief under the general prayer must be such as follows legitimately and logically from the pleadings and the proof; and it must not be of such character as to take the defendant by surprise. If the bill prays for general relief only, the plaintiff will be entitled to such relief as is conformable to the case established by him." 10 R. C. L. p. 557.

■■ The courts of this state are authorized by section 9463, N. C. L. 1929, as amended by Statutes 1943, p. 117, to "make such disposition of the community property of the parties as shall appear just and equitable." Under section 9463, N. C. L. 1929, the trial court has authority to inquire into the existence of property of either spouse and to make an investigation thereof with the view of making such adjustment as "will attain right and justice between the parties under all the circumstances which may attend the particular case." Walker v. Walker, 41 Nev. 4, at page 10, 164 P. 653, 169 P. 459. The prayer for relief is no part of the statement of the cause of action, "and when an answer is filed and a trial is had, judgment will be awarded in accordance with the facts pleaded and proven." Keyes v. Nevada Gas Co., Ltd., 55 Nev. 431, 38 P. 2d 661. Had there been no prayer whatever for general relief, under the pleadings as formed, the court would have had authority to make a division of the community property. See Sugarman Iron & Metal Co. v. Morse Bros., 50 Nev. 191, 255 P. 1010, 257 P. 1; First Nat. Bank of Winnemucca v. Abel, 56 Nev. 489, 56 P. 2d 148.

■ Appellant further contends that the relief granted under the prayer for general relief is not conformable to the case made by the complaint insofar as it relates to the California property, such property being beyond the jurisdiction of the court, and that the Nevada court can only "adjudicate upon and determine the status of the land and immovable property within its borders." It is true that the Nevada court could not render a judgment in rem passing directly upon the title to the California realty, but both parties being within the jurisdiction of the court, it did have power to pass indirectly upon the title to land situate in another state.

"A court of equity having authority to act upon the person may indirectly act upon real estate in another state, through the instrumentality of this authority over the person. Whatever it may do through the party it may do to give effect to its decree respecting property, * * *." Fall v. Eastin, 215 U. S. 1, 30 S. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.), 924, 17 Ann. Cas. 853.

See also: 17 Am. Jur. p. 369, sec. 449; 27 C. J. S., Divorce, p. 1287, sec. 330; 51 A. L. R. p. 1085.

The appellant having submitted to the jurisdiction of the trial court, the decree adjudicating the property rights falls within the extraterritorial effect of a judgment and decree when operating in personam.

We now consider the contention of appellant that the allegations of the complaint are insufficient to permit the proving of extreme cruelty and the granting of a decree of divorce upon that ground. The complaint alleges:

"That since the marriage, the defendant has treated the plaintiff with extreme cruelty.

"That all of the acts of extreme cruelty on the part of the defendant were without cause or provocation and caused said plaintiff intense mental pain, anguish and suffering, and seriously interfered with and impaired his health."

■ The allegations of the complaint are amply sufficient to meet the provisions of section 9467.04, 1941 Supplement, Nevada Compiled Laws 1929, wherein it is provided: "In actions for divorce the complaint of the plaintiff * * * may state the cause or causes for divorce upon which the party or parties rely, in the words of the statute * * *."

Section 9460, N. C. L. 1929, provides that a divorce from the bonds of matrimony may be obtained by complaint under oath "for the following causes: * * * Sixth, extreme cruelty in either party." The allegation of the complaint "that since the marriage, the defendant has treated the plaintiff with extreme cruelty" impresses us as being as nearly an allegation in the language of the statute as could be devised to convey the required meaning. The further allegation of the complaint alleging the result of the cruelty practiced is an amplification of the language of the statute, and to our minds adds to, rather than detracts from, the sufficiency of the allegations to state a cause of action.

■ Appellant cites the case of Nielsen v. Nielsen, 55 Nev. 425, 38 P. 2d 663, and urges that said case is authority for her contention that the allegations as to extreme cruelty contained in the complaint in this case are insufficient. We do not think that case has any application here. Under the express authority of section 9467.04, N. C. L., 1941 Supplement, a pleader may state a cause of action in the language of the statute. If he elects not to do this and pleads the facts upon which the alleged cause of action is based, the facts pleaded must be such as will sustain the cause of action. A party will not be permitted to allege extreme cruelty in the language of the statute and then proceed to set out facts which fall far short of constituting such conduct, and thus failing to then rely on the general allegation, for by the special facts so pleaded it is demonstrated, upon the face of the complaint, that the general allegations are untrue. Such is the holding in

the case of Nielsen v. Nielsen, supra, and said case does not attempt to decide that an allegation in the language of the statute when relied on without further amplification is insufficient. See also: Heiny v. Heiny, 72 Colo. 367, 211 P. 103; Seibel v. Seibel, 30 Ohio App. 198, 164 N. E. 648; Coffman v. Coffman, Tex. Civ. App., 83 S. W. 2d 416; Etheridge v. Etheridge, 120 Md. 11, 87 A. 497; Renfro v. Renfro, Tex. Civ. App., 80 S. W. 2d 348; McCullough v. McCullough, 120 Tex. 209, 36 S. W. 2d 459.

The permission given by section 9467.04 N. C. L. 1941 Supplement, to plead the cause of action in the language of the statute works no hardship, for the reason that provision is made in the same statute for a bill of particulars to be furnished upon demand, "stating in detail the facts, dates, times and occasions upon which the plaintiff or the defendant relies for cause of action."

The judgment and order appealed from are affirmed.