AMELIA K. OLSZOWY, Appellant, *v.* RUFIN T. OLSZOWY, Respondent.

No. 3516

September 24, 1948.                                        197 P.2d 701.

*John C. Bartlett,* of Reno, for Appellant.

*J. T. Rutherford* and *R. K. Wittenberg,* both of Reno, for Respondent.

## OPINION

By the Court, EATHER, C. J.:

Respondent, as plaintiff, in the trial court, was granted an absolute divorce from appellant, as defendant, on the ground of extreme cruelty.

In her appeal appellant contends that:

(1) The trial court erred in permitting respondent over objection, to testify regarding the effect of appellant's conduct upon his health, when the bill of particulars contained nothing in that regard.

(2) The court erred in holding the evidence to be sufficient to establish a cause of action on the ground of extreme cruelty.

(3) The evidence introduced concerning the effect of appellant's conduct upon respondent's health was insufficient to permit the court to grant a decree of divorce.

The complaint alleges: "That since the marriage of the parties, defendant has treated the plaintiff with extreme cruelty, entirely mental in nature."

█ The allegations of the complaint are amply sufficient to meet the provisions of section 9467.04, 1941 Supplement, Nevada Compiled Laws, 1931–1941, wherein it is provided: "In actions for divorce the complaint of the plaintiff * * * may state the cause or causes for divorce upon which the party or parties rely, in the words of the statute. * * *" Buaas v. Buaas, 62 Nev. 232, 147 P.2d 495.

The record shows that pursuant to demand respondent furnished a bill of particulars which alleged facts of cruel treatment but failed to contain any statement of the effect of such acts of cruelty upon the health of respondent The appellant made no request for further

particulars, but at the trial, objected to the admission of any evidence on this point.

The appellant cites the case of Buaas v. Buaas, supra, and urges that said case is authority for her contention that the court erred in admitting the evidence introduced concerning the effect of appellant's conduct upon respondent's health, over the objection of appellant. With this we do not agree.

In the case of Buaas v. Buaas, supra, we held that the addition of this allegation to an otherwise good statement of a cause of action stated in the complaint, did not render the complaint invalid, since the bill of particulars was an amplification of the language of the statute and to our minds adds to, rather than detracts from, the sufficiency of the allegations to state a cause of action.

■ In the instant case the question is whether the omission of such a statement, or of other allegations covering the subject, from a bill of particulars could cause the complaint to be held insufficient to state a cause of action. We think it cannot have this effect.

The respondent points out that while plaintiff objected to the introduction of evidence relating to the effect of the conduct on respondent's health, she made no affidavit of surprise to support a motion for a new trial, nor did she rely upon such a ground for a new trial, and although appellant gave notice of other grounds in her motion, it is evident that the motion was based only upon the insufficiency of the evidence to sustain the decision. In this respect we quote a portion of the decision of the trial court on ruling on the said motion for a new trial. "There being nothing presented to the court with regard to any newly discovered evidence, the motion was submitted to the court orally upon the ground that the evidence was insufficient to justify the findings on the part of the court, it was ordered that the motion for a new trial be, and the same is, denied."

■ By failing to rely upon other possible grounds on

her motion for a new trial, she clearly abandoned them as a basis for relief.

Cases are appealed for the correction of errors. Water Co. of Tonopah v. Tonopah Belmont Development Co., 50 Nev. 24, 249 P. 565; Truckee River General Electric Co. v. Durham, 38 Nev. 311, 149 P. 61; Giannotti v. De Bock, 47 Nev. 332, 211 P. 520.

■ Where an appeal is based upon the ground of alleged errors in ruling upon the evidence, a motion for a new trial upon such ground must be made and determined before the appeal is taken. Water Co. of Tonopah v. Tonopah Belmont Development Co., supra.

■ The appellant having failed to rely upon and urge such possible error as a ground for a new trial in the trial court, will not be permitted to rely upon it as a ground for reversal in this court.

We now consider the contention of the appellant that the evidence was insufficient to sustain the judgment.

■■ The testimony was to the effect that shortly after the marriage the defendant, or appellant, began to complain about the home and the family of respondent; she cried and complained about his playing in an orchestra; that she continuously complained about these and other matters; that she threatened to leave respondent if he did not change his work; that she quarrelled openly with him about his family and threatened on more than one occasion to destroy herself by taking an overdose of sleeping pills. There is evidence that this conduct was without justification, and that it impaired the health of respondent. While the evidence was conflicting it is apparent that there was substantial evidence in the record to support the decision of the trial court. Therefore, in line with long-established rule of this court where there is substantial conflict in the evidence the judgment of the trial court will not be disturbed.

The judgment and order appealed from are affirmed.

HORSEY and BADT, JJ., concur.