**RIDGEWAY, Plaintiff-Appellee, v. RIDGEWAY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23123.   Decided April 7, 1954.

342

Louis Fernberg, Louis P. Fernberg, Jr., L. E. Appleton, Cleveland, for plaintiff-appellee.

Alexander H. Martin, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law. The action is one in divorce. The trial court entered a decree of divorce for plaintiff and filed findings of fact and conclusions of law upon request of the defendant timely made. The plaintiff filed her petition for divorce in which the only allegations of fact as grounds for divorce were:

"Defendant, in violation of his marital obligations toward the plaintiff, has been guilty of gross neglect of duty and extreme cruelty:—testimony of which will be produced at the trial. * * *."

The defendant filed an answer denying the allegations of

plaintiff's petition, and filed a cross-petition setting forth alleged grounds for divorce in his favor against the plaintiff. The plaintiff did not file a reply to defendant's answer, or an answer to defendant's cross-petition. The case went to trial on the pleadings, without motion or objection, and at the conclusion of the trial the court found facts sufficient to justify a decree for divorce for the plaintiff, and against the defendant on his cross-petition, and found such findings of fact as supporting the following conclusions of law:

"The defendant is guilty of gross neglect of duty and plaintiff is granted divorce and is awarded the Clearview Road property, the automobile now in her possession, and $1000.00 by way of attorney fees."

The findings of fact and conclusions of law were filed with the papers in the case and journalized on January 4, 1954. A motion for new trial was filed January 5, 1954. The court did not pass on this motion for new trial, but signed and filed for journalization a decree granting plaintiff a divorce on February 2, 1954. Thereafter a second motion for new trial was filed on Feb. 4th and overruled February 10, 1954.

The defendant's first notice of appeal was filed January 25, 1954 on questions of law and a second notice of appeal was filed on February 23, 1954.

The errors assigned are as follows:

"1. Dismissal of defendant's cross-petition when the allegations thereof stood on the record conclusively admitted to be true, because no denial thereof was made by the plaintiff.

"2. Failure and refusal to grant the prayer of defendant, requesting the dismissal of the amended petition, the defendant having fully answered—pleading new matter, and no reply having been filed, putting allegations thereof in issue.

"3. Granting divorce and other relief incident thereto, to the plaintiff when a divorce and general relief should have been granted to the defendant on the admitted charges of gross neglect of duty and extreme cruelty in his cross-petition.

"4. The special findings transcend the issues made by the pleadings and are foreign to and irrelevant to the issues presented on the pleadings.

"5. Facts found, do not sustain the conclusions of law.

"6. Error in not promptly granting defendant's motion for a new trial filed January 5, 1954.

"7. The entry of a general judgment and decree under date of Feb. 2, 1954, when the court was mandatorily required to return special findings in the case.

"8. The facts found and the conclusions of law have no competent evidence in the record to sustain the same, because of the factual insufficiency of said amended petition.

"9. The overruling of defendant appellant's motion for a new trial.

"10. Other errors, defects and irregularities too numerous to here detail the indulgence and perpetration of which ousted the court of jurisdiction and rendered its decree of divorce and alimony void."

It is clear from the record that the court did not intend that its conclusions of fact and law should constitute the decree for divorce. The journalizing of such findings on January 4, 1954, did not constitute the judgment of the court. For that reason there was no judgment which could be the basis for the filing of a motion for new trial on Jan. 5, 1954. The defendant's attempt to file such a motion on Jan. 5, 1954 was of no legal effect.

We have examined the bill of exceptions and the transcript and we find that on the record this appeal does not entitle the appellant to the relief he seeks.

First, it is claimed that no answer having been filed to the defendant's cross-petition, constitutes an admission of the allegations of fact contained therein, and if such facts be admitted the plaintiff is not entitled to a divorce as a matter of law.

There is no such thing as judgment by defalut in a divorce action. The failure to controvert or put in issue the allegations of a petition answer or cross-petition by answer or reply, in no sense constitutes admissions of the truth of the allegations contained in such pleadings in a divorce action.

The statute (Sec. 3105.11 R. C.) on the right of a plaintiff to a divorce on the allegations of a petition not put in issue by answer provides:

"A judgment for divorce or for alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence. No admission shall be received which the court of common pleas has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relations, shall be competent to testify in actions and proceedings under §§3105.01 to 3105.21, inclusive, R. C., to the same extent that any other witness might."

This section has application to the allegations of a cross-petition. A divorce action is one provided for by statute and is based on an appeal to the sound discretion of the trial (common pleas) court for the determination of facts in support of one or more of the grounds for divorce as provided by statute, which, if established by sufficient evidence, authorizes the judge to enter a decree accordingly, and technical

rules of pleading, or the failure to plead by answer or reply, cannot be considered as admissions or take the place of required proof in such an action. It should also be noted that no objection was made to proceeding on the pleadings as they were when the case was called for trial.

It is next claimed that the petition which charges gross neglect of duty and extreme cruelty without allegations of fact which, if established, would constitute proof of such charges, does not state a cause of action. This contention is not supported by the cases. While a petition so drawn is subject to a motion to make definite and certain, it is not subject to demurrer. **Kelley v. Kelley, 74 Oh Ap 225.**

An examination of the bill of exceptions shows that the court's conclusions of fact are well supported by credible evidence.

The claim that the court committed reversible error in failing to rule on defendant's first motion for new trial, is not well taken because the motion was filed before judgment and was therefore not one which the court need consider, and if further appearing that the court ruled on a second motion for new trial filed after judgment was entered.

For the foregoing reasons the judgment of the common pleas court is affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.