Bell, J.
The sole question presented by this appeal is whether the allegation of bare statutory grounds for divorce is sufficient as against a demurrer or as against a motion to make definite and certain.
As stated by counsel for plaintiff in his oral presentation of this cause, the pleading of bare statutory grounds “has become the accepted practice among attorneys.” With this statement we agree. And we concede that this is not the only practice being used today that tends to destroy the once respected and, when properly pursued, effective art of pleading. For instance, the pleading of the so-called “specifications of negligence” has become an accepted practice among many lawyers and has even achieved a measure of respectability because such form of pleading is included in some pleading form books. But we do not ascribe propriety to the practice merely because of its indulgence by the practitioners.
Although an action in divorce is a special statutory proceeding, there is no statutory provision that excepts the pleadings in such an action from the usual rules of pleading. Nor should the rights of an adverse party be made any the less important by cloaking the procedure with some delicate immunity because “this is just a divorce case.”
Section 2309.04, Revised Code, provides that the first pleading in any action “shall be the petition by the plaintiff, which must contain * * * a statement of facts constituting a cause of action in ordinary and concise language.” A conclusion of law is not a statement of facts.
*114 We believe, however, and, therefore, hold that, by virtue of the legislative specification of the grounds for divorce in Section 3105.01, Revised Code, the allegation of any of such bare statutory grounds is sufficient to state a cause of action as against a demurrer. This has generally been accepted as the rule. See Seibel v. Seibel, 30 Ohio App., 198, 164 N. E., 648; Kelley v. Kelley, 74 Ohio App., 225, 57 N. E. (2d), 791; Ridgeway v. Ridgeway, 69 Ohio Law Abs., 341, 118 N. E. (2d), 845.
But we view the matter differently when such an allegation is attacked by a motion to make definite and certain. A defendant in a divorce case, as in any other case, is entitled to know the facts upon which the action is based. Such an abbreviated and inartistic pleading as the mere statement of statutory grounds does not so advise him and constitutes an open invitation to him to demur or move to make definite and certain. And thus the door is opened to greater justification for the often made criticism of “too much delay in the law.”
It is argued that the bare allegation of willful absence for one year is self-explanatory, and that nothing could be added thereto to make such an allegation definite and certain. Yet there is nothing in such an allegation to show that the willful absence immediately preceded the filing of the petition, and it is entirely conceivable that the willful absence was followed by a return to the marriage relationship and by a condonation of the absence. The defect could be cured very simply by stating that defendant was guilty of willful absence for one year, in that from on or about a certain date he continuously absented himself from the home of the parties and, without cause, refused to return. Thus would the defendant be made fully cognizant of the period of absence sought to be charged against him.
As long ago as 1832, this court held in Bird v. Bird, Wright, 98, that “a petition for divorce must set forth the cause of complaint with convenient certainty, that the charge may be met and disproved.” Good pleading still requires sufficient allegations in the petition to apprise the defendant of the charges against which he must defend. Such a requirement is not dispensed with by the case of Porter, Exr., v. Lerch, 129 Ohio St., 47, 193 N. E., 766, cited to us by plaintiff. Sufficiency *115 of the pleadings was in no way involved in that case. As stated by Judge Zimmerman in the opinion, “the sufficiency of the evidence to establish gross neglect of duty becomes the issue.”
We recognize that Section 2309.34, Revised Code, by the use of the word, “may,” reposes a discretion in the trial court to require a pleading to be made definite and certain when the court finds the allegations thereof to be so indefinite and uncertain that the precise nature of the charge or defense is not apparent. And we do not deny to the trial court the discretion to appraise the facts pleaded and determine their sufficiency from the standpoint of definiteness and certainty. But we do not accord such court the same discretion when conclusions of law are pleaded, and the refusal to sustain a motion intended to apprise the movant of the facts against which he must defend constitutes an abuse of discretion.
For the reasons herein stated, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas of Tuscarawas County for further proceeding according to law.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taet, JJ., concur.