## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM PERCIVAL, AN INDIVIDUAL; PHILIP PERCIVAL, AN INDIVIDUAL; AMERICAN GYPSUM, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; PPP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DESERT GYPSUM RESOURCES, LLC, A NEVADA LIMITED LIABILITY COMPANY; THE OFFICE OF THE PRESIDING ALMONER OF THE HOUSE OF PERCIVAL AND HIS SUCCESSORS, A NEVADA CORPORATION SOLE; THE OFFICE OF THE PRESIDING REGENT OF PROSPERITY FELLOWSHIP AND HIS SUCCESSORS, A NEVADA CORPORATION SOLE; AND THE OFFICE OF THE PRESIDING REGENTS OF THE CHRISTIAN AGRICULTURAL APOSTOLIC COLLEGE AND HIS SUCCESSORS, A NEVADA CORPORATION SOLE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DOUGLAS W. HERNDON, DISTRICT JUDGE,
Respondents,
and

No. 68063

FILED

APR 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

16-12712

SUPREME COURT
OF
NEVADA

(O) 1947A

RENATO BALANGUE, AN INDIVIDUAL; ELIZABETH BALANGUE, AN INDIVIDUAL; MK143 TRUST, AN IRREVOCABLE TRUST; ZALATHIEL AGUILA, TRUSTEE FOR MK143 TRUST; AND KEN SCHNEIDER, INTERVENER,
Real Parties in Interest.

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court's exercise of jurisdiction in a real property matter.

## FACTS

In February 1998, real parties in interest Renato Balangue and Elizabeth Balangue signed an agreement with petitioner William Percival (William) and Ramon Barrientos (Ramon) for part ownership in American Gypsum, LLC (AGL) in California. The Balangues' investment money purchased 22 California mining claims for AGL. Later, William and Ramon also secured funds from real party in interest MK143 Trust to test the purity of the reserves.

In 2002, AGL converted from a California corporation to a Nevada corporation. In 2011, acting as managing member of AGL, William transferred the 22 mining claims to petitioners the Office of the Presiding Regents Christian Agricultural Apostolic Congregation; the Office of the Presiding Regents of the Prosperity Fellowship, and His Successors; and the Office of the Presiding Almoner of the House of Percival, and His Successors. Real parties in interest subsequently

discovered the change in AGL's incorporation, the transfer of the mining claims, and alleged mishandling of AGL investment funds.

In September 2012, real parties in interest filed a complaint in Nevada to quiet title to the mining claims, among other causes of action.[1] By September 2013, only petitioner Phillip Percival[2] had responded to the complaint. Thus, the district court entered a default judgment in favor of real parties in interest, ruling that William and the various entities were jointly and severally liable for $1,628,055.45, and divesting them of the mining claims. Petitioners then filed a motion to set aside the default judgment as to the defaulting defendants, and a motion to dismiss as to Phillip, which the district court denied. Petitioners later filed a motion for relief from judgment pursuant to NRCP 60, which the district court also denied. Petitioners have now filed the instant writ petition.

## DISCUSSION

Petitioners request that this court grant writ relief ordering the district court to set aside its order divesting petitioners of real property located in California.

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when a district court acts without or in excess of its

---

[1]Before the complaint was filed in Nevada, Ramon filed a complaint in California regarding the same mining claims.

[2]Phillip was sued individually and in his various capacities governing the named entities.

 

jurisdiction. *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). Where there is no plain, speedy, and adequate remedy in the ordinary course of law, this court may grant such extraordinary relief. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Additionally, when reviewing the district court's exercise of jurisdiction, we review the legal issues de novo. *Aspen Fin. Services, Inc. v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 93, 313 P.3d 875, 878 (2013).

We agree with petitioners that the district court acted in excess of its jurisdiction. "[C]ourts of one State are completely without jurisdiction directly to affect title to land in other States." *Durfee v. Duke*, 375 U.S. 106, 115 (1963). In *Buaas v. Buaas*, we confirmed that a "Nevada court could not render a judgment in rem passing *directly* upon the title to California realty." 62 Nev. 232, 236, 147 P.2d 495, 496 (1944) (emphasis added). When the district court here purported to divest the defaulting defendants of all interest in the 22 mining claims, it attempted to directly, rather than indirectly, pass title to California property in contradiction to stated law. Thus, we grant the writ petition as to this issue.

However, petitioners also request that this court grant writ relief directing the district court to dismiss all pending proceedings. After review of the record and applicable law, we conclude that our extraordinary relief is not warranted as to this issue. *See* NRS 34.160 (providing that a writ of mandamus is available to compel the performance of an act that the law requires).

Accordingly, we ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the district court to vacate its order passing title to the California property.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Douglas W. Herndon, District Judge
       Homeowner Relief Lawyers LLC
       Ken Schneider
       Law Offices of Marilee A. Ryan, LLC
       Eighth District Court Clerk